**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known):* _____     Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **QVC Group, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Qurate Retail, Inc.** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 84-1288730 |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **1200 Wilson Drive**<br>Number        Street | Number        Street |
| | P.O. Box |
| **West Chester, PA 19380**<br>City        State    Zip Code | City        State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Chester County**<br>County | Number        Street |
| | City        State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.qvcgrp.com** |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **QVC Group, Inc.**  Case number *(if known)* _____
         Name

**7.   Describe debtor's business**

A.  *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B.  *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4552 - Merchandise Retailers**

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check **all** that apply:*

☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☒  A plan is being filed with this petition.

☒  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | When _____ MM/DD/YYYY | Case number _____ |
| | District _____ | When _____ MM/DD/YYYY | Case number _____ |

Debtor   **QVC Group, Inc.** _____   Case number *(if known)* _____
Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor   **See Rider 1** _____   Relationship   **Affiliate** _____

District   **Southern District of Texas** _____   When   **04/16/2026** _____
MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number         Street

_____
City                                State      Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☒ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 3

Debtor     **QVC Group, Inc.**                                        Case number *(if known)*
           Name

---

**15. Estimated assets (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     __04/16/2026__
                    MM/ DD / YYYY

✖     ___/s/ Bill Wafford___                              **Bill Wafford**
      Signature of authorized representative of debtor       Printed name

      Title   __**Authorized Signatory**__

**18. Signature of attorney**

✖     ___/s/ Jason S. Brookner___          Date     __04/16/2026__
      Signature of attorney for debtor                  MM/DD/YYYY

**Jason S. Brookner**
Printed name

**Gray Reed**
Firm name

**1300 Post Oak Boulevard, Suite 2000**
Number                    Street

**Houston**                                    **TX**            **77056**
City                                            State           ZIP Code

**(713) 986-7000**                              **jbrookner@grayreed.com**
Contact phone                                   Email address

**24033684**                     **TX**
Bar number                       State

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 4

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: **Southern District of Texas** (State) |
| Case number *(if known):* _____ Chapter **11** |

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of QVC Group, Inc.

- QVC Group, Inc.
- Affiliate Distribution & Mktg., Inc.
- Affiliate Investment, Inc.
- Affiliate Relations Holdings, Inc.
- AMI 2, Inc.
- Ballard Designs, Inc.
- Cinmar, LLC
- Contract Décor, Inc.
- Cornerstone Brands, Inc.
- Cornerstone Shared Services, LLC
- Diamonique Canada Holdings, Inc.
- DMS DE, Inc.
- ER Development International, Inc.
- ER Marks, Inc.
- Frontgate Marketing, Inc.
- Garnet Hill, Inc.
- GC Marks, Inc.
- Home Shopping Network En Español, L.L.C.
- Home Shopping Network En Español, L.P.
- HSN Catalog Services, Inc.
- HSN Holding LLC
- HSN Improvements, LLC
- HSN, Inc.
- HSNi, LLC
- IC Marks, Inc.
- Ingenious Designs LLC
- Innovative Retailing, Inc.
- Liberty Acorns, LLC
- Liberty Interactive LLC
- Liberty Solar Energy LLC
- Liberty Quid, LLC
- Liberty QVC Holding, LLC
- Liberty USA Holdings, LLC
- LIC Britco, LLC
- LIC Israel Investment, LLC
- Live Shop Ventures, LLC
- NLG Merger Corp.
- NSTBC, Inc.
- QC Marks, Inc.
- QHealth, Inc.
- QLocal, Inc.
- QRI Cornerstone, Inc.
- Qurate Digital Ventures, LLC
- Qurate Retail Group, Inc.
- QVC Chesapeake, LLC
- QVC China, Inc
- QVC Delaware Holdings, Inc.
- QVC Delaware LLC
- QVC GCH Company, LLC
- QVC Global Corporate Holdings, LLC
- QVC Global DDGS, Inc.
- QVC Global Holdings I, Inc.
- QVC Global Markets SARL
- QVC HK Holdings, LLC
- QVC India, Ltd.
- QVC Italy Holdings, LLC
- QVC Japan Services, LLC
- QVC Northeast, LLC
- QVC Ontario Holdings, LLC
- QVC Ontario, LLC
- QVC Realty LLC
- QVC Rocky Mount, Inc.
- QVC San Antonio, LLC
- QVC Shop International, Inc.
- QVC St. Lucie, Inc.
- QVC Suffolk, LLC
- QVC Vendor Development, Inc.
- QVC, Inc.
- Shopping Holdings, LLC
- Streaming Commerce Ventures, LLC
- The Cornerstone Brands Group, Inc.
- The Cornerstone Holdings Group, Inc.
- Ventana Television Holdings, Inc.
- Ventana Television, Inc.

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QVC GROUP, INC., | ) Case No. 26-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **001-33982**

2.   The following financial data is the latest available information and refers to the debtor's condition on **December 31, 2025**

   (a)   Total assets                                                    $   **7,643,000**

   (b)   Total debts (including debts listed in 2.c., below)    $   **10,660,000**

   (c)   Debt securities held by more than 500 holders         **N/A**

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

   (d)   Number of shares of preferred stock                **12,723,158 outstanding**

   (e)   Number of shares of common stock[1]                **Class A:  7,911,869**
                                                              **Class B:  182,233**

   Comments, if any:   **N/A**

3.   Brief description of debtor's business:   **QVC Group, Inc. is a video retailing, ecommerce, and social commerce company.**

4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**John C. Malone, Gregory B. Maffei, Asymmetry Point LP, Charles Schwab Investment Management, Inc., Contrarius Investment Management Limited, The Vanguard Group**

---

[1]   The numbers of shares of common stock are as of March 31, 2026.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| QVC GROUP, INC., | )   Case No. 26-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| [Redacted] | c/o Liberty Media Corporation<br>12300 Liberty Boulevard<br>Englewood, CO 80112 | Class A Common:  7.7%<br>Class B Common:  0% |
| [Redacted] | c/o QVC Group, Inc.<br>1200 Wilson Drive<br>West Chester, PA 19380 | Class A Common:  1.4%<br>Class B Common:  89.2% |
| Asymmetry Point LP | 100 Biscayne Boulevard<br>Floor 12<br>Miami, FL 33132 | Class A Common:  5.5%<br>Class B Common:  0% |
| Charles Schwab Investment Management Inc. | 9800 Schwab Way<br>Lone Tree, CO 80124 | Class A Common:  12.6%<br>Class B Common:  0% |
| Contrarius Investment Management Limited | 2 Bone Street<br>St. Helier, Jersey<br>JE2 3NP, Channel Islands | Class A Common:  8.9%<br>Class B Common:  0% |
| The Vanguard Group | 100 Vanguard Boulevard<br>Malvern, PA 19355 | Class A Common:  7.3%<br>Class B Common:  0% |

---

[1]   This list reflects holders of five percent or more of QVC Group, Inc.'s common stock.  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.  By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Redact Certain Confidential Information of Customers and (B) Redact Certain Personally Identifiable Information of Natural Persons, (II) Waiving the Requirement to File a List of Equity Security Holders, (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (IV) Granting Related Relief*, filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity holders.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QVC GROUP, INC., | ) | Case No. 26-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| [Redacted] | Class A Common:  1.4%<br>Class B Common:  89.2% |
| Charles Schwab Investment Management Inc. | Class A Common:  12.6%<br>Class B Common:  0% |

**Fill in this information to identify the case:**

Debtor name:  **QVC GROUP, INC., et al.**

United States Bankruptcy Court for the ___**Southern District of Texas**___
(State)

Case number (*If known*): _____

☐  Check if this is an  amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]**          **12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PROCAPS LABORATORIES, INC<br>430 PARKSON ROAD<br>HENDERSON, NV  89011 | ANDREW LESSMAN<br>e: aml@amlhome.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $10,359,081 |
| 2 | MICROSOFT CORPORATION<br>ONE MICROSOFT WAY<br>REDMOND, WA  98052-6399 | AIRA GAJELOMO<br>e: v-agajelomo@microsoft.com | OPERATIONAL VENDOR | | $0 | $0 | $6,649,299 |
| 3 | ACCENTURE INTERNATIONAL LIMITED<br>500 W. MADISON ST.<br>CHICAGO, IL  60661 | JULIE SWEET<br>e: julie.sweet@accenture.com | OPERATIONAL VENDOR | | $0 | $0 | $6,407,956 |
| 4 | C&J CLARK AMERICA INC<br>140 KENDRICK ST.<br>NEEDHAM, MA  2494 | GARY CHAMPION<br>e: gary.champion@Clarks.com | TRADE SUPPLIER | | $0 | $0 | $6,272,640 |
| 5 | JOHN HARDY USA INC.<br>330 HUDSON STREET<br>NEW YORK, NY  10013 | JAN-PATRICK SCHMITZ<br>p: 215-738-1511<br>e: jan-patrickschmitz@johnhardy.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $5,035,062 |
| 6 | NEW AGE ELECTRONICS, A DIV OF SYNNEX CORPORATION<br>44201 NOBEL DRIVE<br>FREMONT, CA  94538 | JASON MICHAELS<br>p: 813-205-3576<br>e: jason.michaels@tdsynnex.com | TRADE SUPPLIER | | $0 | $0 | $4,143,192 |
| 7 | UNITED PARCEL SERVICE<br>55 GLENLAKE PARKWAY NE<br>ATLANTA, GA  30328 | e: achdetail@ups.com | FREIGHT VENDOR | | $0 | $0 | $3,257,997 |
| 8 | BEEKMAN 1802, INC<br>8075 BEACON LAKE DRIVE<br>SUITE 100<br>ORLANDO, FL  32809 | JILL SCALAMANDRE<br>e: jill@beekman1802.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $3,151,099 |
| 9 | DESERT ROSE TRADING LTD CO<br>4610 MCLEOD NE<br>ALBUQUERQUE, NM  87109 | JAY KING<br>e: jkingdrose@gmail.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $2,953,336 |

---

[1]   On a consolidated basis.  The information herein shall not constitute an admission of liability by, nor is it binding on, and Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | ECOFLOW TECHNOLOGY INC. 1687 114TH AVE SE SUITE 101 BELLEVUE, WA  98004 | JOHNSON HE e: johnson.he@ecoflow.com | TRADE SUPPLIER | | $0 | $0 | $2,939,185 |
| 11 | WACO SHOE CO, LLC 6301 IMPERIAL DRIVE WACO, TX  76712 | JEFF ANTONIOLI e: jeffa@wacoshoecompany.com | TRADE SUPPLIER | | $0 | $0 | $2,909,502 |
| 12 | FIRST COMMEMORATIVE MINT, INC 101B CAROLYN BOULEVARD FARMINGDALE, NY  11735 | DANIEL KING e: daniel@fcmint.com | TRADE SUPPLIER | | $0 | $0 | $2,686,179 |
| 13 | WEN BY CHAZ DEAN, INC. 6444 FOUNTAIN AVE. LOS ANGELES, CA  90028 | CHAZ DEAN e: chazdean@me.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $2,661,459 |
| 14 | ROBERTA'S, INC. 4246 E 500 S WALDRON, IN  46182 | ERIC WALLIEN p: 484-880-7275 e: eric@robertasinc.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $2,613,906 |
| 15 | RASTELLI BROTHERS INC 300 HERON DRIVE SWEDESBORO, NJ  08085 | RAY RASTELLI III e: rrastelli3@rastellis.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $2,401,566 |
| 16 | META PLATFORM, INC. 1601 WILLOW ROAD MENLO PARK, CA  94025 | FLAVIA CUERVO e: fcuervo@meta.com | OPERATIONAL VENDOR | | $0 | $0 | $2,392,996 |
| 17 | JCL DESIGN LLC 389 5TH AVENUE SUITE 1100 NEW YORK, NY  10016 | CHAD LIANG p: 510-282-4493 e: chad@jcldesign.com | TRADE SUPPLIER | | $0 | $0 | $2,272,932 |
| 18 | IMPACT TECH INC 223 EAST DE LA GUERRA SANTA BARBARA, CA  93101 | e: clearinghouse@impact.com | OPERATIONAL VENDOR | | $0 | $0 | $2,259,612 |
| 19 | DIANE GILMAN JEANS LLC 1740 BROADWAY 3RD FLOOR NEW YORK, NY  10019 | GERARD GUEZ p: 310-666-1195 e: gerard@guez.co | TRADE SUPPLIER | | $0 | $0 | $2,214,400 |
| 20 | NYDJ 5401 S SOTO ST VERNON, CA  90058 | HUBERT GUEZ e: hubert.guez@nydj.com | TRADE SUPPLIER | | $0 | $0 | $2,148,580 |
| 21 | AGOURA HEALTH PRODUCTS 23251 MULHOLLAND DR WOODLAND HILLS, CA  91364 | KIP BJELLAND e: kip.bjelland@goldenhippo.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $2,073,130 |
| 22 | IHKWIP LLC 987 OLD EAGLE SCHOOL RD SUITE 706 WAYNE, PA  19087 | BAYLEN EDWARDS e: hello@ihkwip.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $1,980,256 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | EASY WAY LEISURE CORP 8950 ROSSASH ROAD CINCINNATI, OH  45236 | DAVID (DAVE) LUEDER e: dlueder@easywayproducts.com | TRADE SUPPLIER | | $0 | $0 | $1,838,312 |
| 24 | ORIENT INTERNATIONAL 210 SIPING ROAD RM 2108 SHANGHAI  200086 | ANDREW GU p: 86 133 3868 6788 e: andrewgugu@163.com | TRADE SUPPLIER | | $0 | $0 | $1,814,608 |
| 25 | HESUNG INNOVATION CORP. 1519 W 8TH ST BROOKLYN, NY  11204 | JOSH NASON e: josh.nason@Dreo.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $1,699,741 |
| 26 | SKECHERS USA INC 228 MANHATTAN BEACH BLVD MANHATTAN BEACH, CA  90266 | JOHN VANDEMORE e: johnv@skechers.com | TRADE SUPPLIER | | $0 | $0 | $1,651,281 |
| 27 | EBATES PERFORMANCE MARKETING, INC. DBA RAKUTEN REWARDS 800 CONCAR DR SAN MATEO, CA  94402 | GREG KAPLAN e: greg.a.kaplan@rakuten.com | OPERATIONAL VENDOR | | $0 | $0 | $1,600,000 |
| 28 | BLACKSTONE INTERNATIONAL, LTD. 2018 LORD BALTIMORE DRIVE BALTIMORE, MD  21244 | JOHN F BLACK p: 202-262-8852 e: jblack@blackstoneltd.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $1,568,968 |
| 29 | CLEANBOSS INC. 115 BROADWAY FLOOR 5 NEW YORK, NY  10006 | CHRISTIE MIRANNE e: christie@cleanboss.co | TRADE SUPPLIER | | $0 | $0 | $1,567,515 |
| 30 | CORKY'S RIBS AND BBQ 5255 POPLAR AVE MEMPHIS, TN  38119 | JIMMY STOVALL e: jstovall@corkysbbq.com | TRADE SUPPLIER | UNLIQUIDATED | $0 | $0 | $1,511,110 |

Fill in this information to identify the case and this filing:

Debtor Name  **QVC Group, Inc.**

United States Bankruptcy Court for the:  **Southern District of Texas**

(State)

Case number (If known):

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **04/16/2026**                    ☒ */s/ Bill Wafford*
　　　　　　　　MM/ DD/YYYY                    Signature of individual signing on behalf of debtor

　　　　　　　　　　　　　　　　　　　　　　　**Bill Wafford**
　　　　　　　　　　　　　　　　　　　　　　　Printed name

　　　　　　　　　　　　　　　　　　　　　　　**Authorized Signatory**
　　　　　　　　　　　　　　　　　　　　　　　Position or relationship to debtor

Official Form 202                          Declaration Under Penalty of Perjury for Non-Individual Debtors

*Execution Version*

## OMNIBUS UNANIMOUS WRITTEN CONSENT
## IN LIEU OF A SPECIAL MEETING
## OF THE GOVERNING BODIES

### April 16, 2026

**WHEREAS,** after due deliberation, the undersigned, being the (a) board of directors or board of managers, as applicable, of each entity listed on **Schedules 1–18**, attached hereto, (b) sole member or majority member, as applicable, of each entity listed on **Schedules 19–23**, attached hereto, (c) general partner of the entity listed on **Schedule 24**, attached hereto, and (d) managers of the entities listed on **Schedules 25–26**, attached hereto, (the entities identified on **Schedules 1–26**, the "Companies" or "Filing Entities," and each, a "Company" or a "Filing Entity") (the board of directors, sole member, majority member, board of managers, managers, and general partner, of each Company, collectively, the "Governing Bodies," and each, a "Governing Body"), hereby take the following actions and adopt the following resolutions by unanimous written consent, in lieu of a special meeting of each Governing Body, as applicable, pursuant to such Company's limited liability company agreement, articles of incorporation, bylaws, limited partnership agreement, or similar governing documents, as applicable (collectively, the "Governing Documents," and each, a "Governing Document"), and the respective laws of the jurisdiction in which such Company is organized;

**WHEREAS**, on June 20, 2025, the Governing Body of QVC Group, Inc., and on November 2, 2025, the respective Governing Bodies of QRI Cornerstone, Inc. and Qurate Retail Group, Inc., each respectively determined, in an exercise of each Governing Body's business judgment, that it was advisable and in the best interests of its respective Company to constitute, and did so constitute, a special committee for its respective Company (collectively, the "Special Committees," and each, a "Special Committee") for the purpose of, among other things, approving and authorizing any strategic transaction or series of strategic transactions regarding its respective Company and such Company's stakeholders (a "Transaction"), to the extent a conflict of interest exists or is reasonably likely to exist between each such Company, on the one hand, and any of its equity holders, affiliates, subsidiaries, directors, managers, officers, other stakeholders, or any other person that has material business relationships, close personal relationships, or other material relationships or affiliations, or any history of any such material business relationships, close personal relationships, or other material relationships or affiliations with each such Company, or any other person that otherwise has any material interest in any Transaction, on the other hand, as determined by the Special Committees in their business judgment (each, a "Conflict Matter," and collectively, the "Conflicts Matters").

**WHEREAS**, the Governing Body of each Company has reviewed and considered (a) presentations by such Company's management team and financial and legal advisors (collectively, the "Advisors") regarding the liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to it, and the effect of the foregoing on each Company's business, (b) the information and advice previously provided to and reviewed by each such Governing Body, and (c) presentations by such Company's management team and Advisors regarding that certain restructuring support agreement (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Restructuring Support

Agreement"), the DIP Loan Documents (as defined herein), and the key terms thereof on and before the date hereof;

**WHEREAS**, the Restructuring Support Agreement contemplates that the Companies will, among other things, each file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and pursue confirmation and consummation of the *Joint Prepackaged Plan of Reorganization of QVC Group, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, and including all supplements and exhibits thereto, the "Plan") pursuant to the solicitation procedures set forth in the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of QVC Group, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, and including all supplements and exhibits thereto, the "Disclosure Statement" and the motion, order, ballots, and other relevant documents in connection therewith, together with the Disclosure Statement, the "Solicitation Materials");

**WHEREAS**, each of the DIP Loan Parties (as defined herein) will obtain benefits from the incurrence of the loans and other obligations under the DIP LC Agreement and the other DIP Loan Documents or arising from each DIP Order (as defined herein and collectively with the DIP LC Agreement and DIP Loan Ancillary Documents, the "DIP Loan Documents"), which are necessary and convenient to the conduct, promotion, and attainment of the business of each of the DIP Loan Parties;

**WHEREAS**, the applicable Governing Bodies have determined that the transactions contemplated by the DIP LC Agreement and the other DIP Loan Documents are in the best interest of each of the DIP Loan Parties and that it is in the best interest of such DIP Loan Parties to (a) execute and deliver the DIP LC Agreement and any other document or agreement to which it is contemplated to become a party in connection with the transactions contemplated by the DIP LC Agreement, including, without limitation, each other DIP Loan Document and (b) authorize officers of each of the DIP Loan Parties to take any and all actions as any such officer may deem appropriate to effect the transactions contemplated by the DIP LC Agreement and the other DIP Loan Documents;

**WHEREAS**, each Governing Body has had adequate opportunity to consult with its management team and the Advisors regarding the materials and documentation presented to obtain additional information and to fully consider each of the strategic alternatives available to each Company;

**WHEREAS**, each Special Committee has determined and reported to the Governing Bodies that, in the judgement of such Special Committee and to the extent the following resolutions and the actions, transactions, and documentation contemplated thereby (as applicable) constitute Conflicts Matters, they are advisable and in the best interests of its respective Company and such Company's stakeholders and has recommended approval of the same by the Governing Body of its respective Company; and

**WHEREAS**, each Governing Body has determined that the following resolutions and the actions, transactions, and documentation contemplated thereby (as applicable) are advisable and in the best interests of its respective Company and such Company's stakeholders.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the applicable Governing Documents of each Company, the Governing Bodies hereby adopt the following resolutions:

## CHAPTER 11 FILING

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company and its respective stakeholders that such Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition (a "Bankruptcy Petition," and together with all matters contemplated by the Restructuring Support Agreement, including any auction, sale process, merger, business combination, reorganization, recapitalization, asset sale, equity sale, or other fundamental transaction contemplated thereby, collectively, the "Restructuring Matters") for relief commencing a case (each, a "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas or other court of competent jurisdiction (the "Bankruptcy Court"); and, in accordance with the requirements of the Governing Documents and applicable law, hereby consent to, authorize, approve, confirm, and ratify all actions in connection with the filing of each respective Bankruptcy Petition;

**RESOLVED**, that Eve DelSoldo, Bill Wafford, any director, manager, other duly-appointed and proper officer or director of each Company, or any other person authorized by such officer or director (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business; and

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Filing Entities be, and they hereby are, authorized and directed to employ: (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as co-counsel; (b) the law firm of Gray Reed ("Gray Reed"), as co-counsel; (c) AlixPartners, LLP ("Alix"), as financial advisor, (d) Evercore Group L.L.C. ("Evercore"), as investment banker; (e) Kroll Restructuring Administration LLC ("Kroll"), as claims and noticing agent; (f) PricewaterhouseCoopers LLP ("PwC"), as tax advisor; (g) Kobre & Kim LLP ("Kobre"), as legal counsel to QVC Group, Inc. under the direction of the Special

3

Committee; (h) Seward & Kissel LLP ("Seward"), as legal counsel to QRI Cornerstone, Inc. under the direction of the Special Committee; (i) Milbank LLP ("Milbank"), as legal counsel to Liberty Interactive LLC, under the direction of the disinterested directors, and as legal counsel to Qurate Retail Group, Inc., under the direction of the Special Committee; (j) Katten Muchin Rosenman LLP ("Katten"), as legal counsel to QVC, Inc., under the direction of the disinterested directors; and (k) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Signatories deem necessary, appropriate, or advisable to retain (together with Kirkland, Gray Reed, Alix, Evercore, Kroll, PwC, Kobre, Seward, Milbank, and Katten, the "Retained Professionals") in each case, to represent and assist each applicable Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals.

**LETTER OF CREDIT DEBTOR-IN-POSSESSION FINANCING**

**RESOLVED**, that the DIP Loan Parties will obtain benefits from the entry into a senior secured debtor-in-possession letter of credit facility pursuant to that certain DIP LC Agreement by and among QVC, Inc., as borrowers (collectively, the "DIP Borrowers"), Affiliate Investment, Inc., Affiliate Relations Holdings, Inc., AMI 2, Inc., ER Marks, Inc., Home Shopping Network En Español, L.P., Home Shopping Network En Español, LLC, HSN Holding LLC, HSN, Inc., HSNi, LLC, Ingenious Designs LLC, NLG Merger Corp., QVC Global Corporate Holdings, LLC, QVC GCH Company, LLC, QVC Global Holdings I, Inc., QVC Rocky Mount, Inc., QVC San Antonio, LLC, Ventana Television, Inc., Ventana Television Holdings, Inc., and each other Filing Entity that becomes a guarantor, as guarantors (collectively, the "Subsidiary Guarantors," and together with the DIP Borrowers, the "DIP Loan Parties"), the lenders party thereto, and JPMorgan Chase Bank, N.A. as administrative and collateral agent (in its capacity as such, the "Administrative Agent," and such agreement, as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "DIP LC Agreement"), to be provided by the Administrative Agent and the lenders party thereto, providing for letters of credit in the aggregate principal amount of up to $300 million (as amended, the "DIP LC Facility"), each on the terms set forth in the letters of credit agreement and any and all related DIP Loan Documents;

**RESOLVED**, that in order to use and obtain the benefits of the DIP LC Facility, and in accordance with the Bankruptcy Code, the DIP Loan Parties, whose collateral secures the DIP LC Facility, will submit for approval to the Bankruptcy Court a proposed order in interim and final form (collectively, the "DIP Orders") authorizing entry into and approving the DIP LC Facility;

**RESOLVED**, that the form, terms, and provisions of the DIP Orders to which the DIP Loan Parties are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the applicable DIP Loan Parties be, and hereby is, authorized and empowered, in the name of and on behalf of the applicable DIP Loan Parties, to take such actions and negotiate or cause to be prepared and negotiated and to execute and/or deliver, as applicable, the DIP Orders, the DIP LC Agreement, and such other agreements, certificates, instruments, receipts, petitions, motions, or

4

other papers or documents to which the applicable DIP Loan Parties are or will be parties, including, but not limited to, any fee letter, any security and pledge agreement, guaranty agreement, or loan document (collectively, the "DIP Loan Ancillary Documents") and perform, and cause the performance of, the obligations thereunder, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to each Governing Body, subject to any necessary modifications and final negotiations consistent with these resolutions, such approval to be conclusively by each Governing Bodies' (or its Authorized Signatories') execution and delivery or taking thereof;

RESOLVED, that (a) the form, terms, and provisions of the DIP Loan Documents, substantially in the form delivered pursuant to the DIP LC Agreement, (b) each applicable Company's execution and delivery of the DIP Loan Documents, and (c) each applicable Company's performance of its respective obligations (including, without limitation, any guarantee and/or grant of security interests) under any DIP Loan Document, in each case be, and hereby is, in all respects, confirmed, authorized, ratified, and approved;

RESOLVED, that the DIP Loan Parties, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Loan Documents (collectively, the "DIP LC Transactions"), including posting cash collateral to secure such obligations;

RESOLVED, that each of the Authorized Signatories of the DIP Loan Parties be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the applicable DIP Loan Parties to file or to authorize the Administrative Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the applicable DIP Loan Parties that the Administrative Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the DIP Loan Parties and such other filings in respect of intellectual and other property of the DIP Loan Parties, in each case as the Administrative Agent may reasonably request to perfect the security interests of the Administrative Agent under the DIP Orders; and

RESOLVED, that each of the Authorized Signatories of the DIP Loan Parties be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the applicable DIP Loan Parties to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP LC Transactions and all fees and expenses incurred by or on behalf of the applicable DIP Loan Parties in connection with the foregoing resolutions, in accordance with the terms of the DIP Loan Documents, to arrange for, negotiate and enter into supplemental agreements, amendments, instruments, certificates, consents or documents relating to the transactions contemplated by any of the DIP Loan Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents or documents in the name and on behalf of each applicable DIP Loan Party, which shall in their sole judgment be necessary, proper, or advisable to perform the

applicable DIP Loan Parties' obligations under or in connection with the DIP Orders or any of the other DIP Loan Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**THE RESTRUCTURING SUPPORT AGREEMENT AND CHAPTER 11 PLAN**

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company and its stakeholders that each such Company and the other parties thereto finalize, execute, and deliver the Restructuring Support Agreement, subject to any necessary modifications and final negotiations consistent with these resolutions and, in accordance with the requirements in each Company's Governing Documents and applicable law, each Governing Body hereby authorizes and approves the entry into the Restructuring Support Agreement, with such approval to be conclusively established by each Governing Bodies' (or its Authorized Signatories') execution and delivery or taking thereof;

**RESOLVED**, to the extent it constitutes a Conflicts Matter, that in the business judgment of the Special Committee of each Company, it is desirable and in the best interests of such Company and its stakeholders that each such Company commence solicitation of the Plan consistent with the Restructuring Support Agreement and the Solicitation Materials, and that each Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized, approved, confirmed, and ratified;

**RESOLVED**, that, to the extent any action or inaction specifically authorized herein to be taken by any Governing Body or Authorized Signatory constitutes a Conflicts Matter, including actions contemplated in the draft documents presented to the Special Committees for approval, such action is hereby approved by the applicable Special Committee, and each Special Committee hereby authorizes all Authorized Signatories to take any such actions and to do all such other acts, deeds, and other things as each Company itself may lawfully do, in accordance with its Governing Documents and applicable law, howsoever arising in connection with such Conflicts Matter, or in furtherance of the intentions expressed in the foregoing resolutions with respect to such Conflicts Matter, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents whatsoever as the individual acting may in his or her absolute and unfettered discretion approve, deem, or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by such individual's taking such action or the execution of such agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents;

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company and its stakeholders that the Authorized Signatories, acting individually and with full power of substitution, be, and hereby are, authorized, approved, empowered, and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to undertake and enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby, including without limitation, the negotiation and documentation of the Restructuring Matters, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Companies, sale of equity or assets, merger, liquidation, or other transactions contemplated

thereby and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto (each in the form and upon the terms as such Authorized Signatory may approve, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof), and that such Companies' entry into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed, and ratified; and

**RESOLVED**, that each of the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered, and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to support or consummate the Restructuring Matters, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Restructuring Support Agreement (including, without limitation, the incurrence of indebtedness, rejection of obligations, sale of the Companies, sale or equity or assets, merger liquidation, or other transactions that may be in furtherance of the Restructuring Matters).

## GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to finalize, execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that, to the extent a Company serves as (a) the sole member, (b) managing member, (c) manager, (d) general partner or (e) otherwise as the Governing Body (the "Controlling Party"), in each case, of any subsidiary of such Company (the "Controlled Party"), each Authorized Signatory of the Controlling Party, any one of whom may act without the joinder of any of the others, is hereby authorized in the name and on behalf of the Controlling Party (acting for such Controlled Party in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Party that an Authorized Signatory is herein authorized to take on behalf of such Controlling Party;

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Document of each Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement,

7

or certificate has been specifically authorized in advance by resolution of each Governing Body; and

**RESOLVED**, that (a) the foregoing resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Governing Bodies and each Company.

*       *       *       *

8

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

David Rawlinson II

Carol Flaton

Fiona P. Dias

Gregory B. Maffei

M. Ian G. Gilchrist

Richard N. Barton

*[Signature Page to Omnibus Unanimous Written Consent]*

_____

Roger Meltzer

_____

Evan D. Malone

BEING ALL OF THE MEMBERS OF
THE BOARDS OF DIRECTORS OF THE
COMPANIES        LISTED        ON
SCHEDULE 1

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
David L. Rawlinson II


_____
Eve DelSoldo




BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 2

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

David Rawlinson II

*Eve DelSoldo*

Eve DelSoldo

BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 2

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*
_____

_____

Eve DelSoldo

_____

Matthew Owen

BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 3

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____

Eve DelSoldo


_____

Matt Owen




BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 3

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*

———————————————————

Eve DelSoldo

———————————————————

Aidan O'Meara

BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 4

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____

Eve DelSoldo

_____

Aidan O'Meara

BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 4

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*
_____

Eve DelSoldo

_____

Stacie Tedesco

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 5

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____

Eve DelSoldo

*Stacie Marie Tedesco*

_____

Stacie Tedesco

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 5

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

Signed by:

*Eugene Davis*

BCF5855466F8413...

Eugene I. Davis

Signed by:

*Thomas Walper*

2316D048E2484BD...

Thomas B. Walper

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF THE COMPANY LISTED ON SCHEDULE 6

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

Signed by:

_____
3C6FA39E86764C3...

Jill Frizzley

_____

Paul Keglevic

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 7

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____

Jill Frizzley

Signed by:

*Paul Keglevic (signature)*

3104077A872C47F...

_____

Paul Keglevic

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 7

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
David L. Rawlinson II

_____
Eve DelSoldo

_____
Jonathan F. Foster

_____
Michael F. Zendan II

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 8

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
David L. Rawlinson II

*Eve DelSoldo*

_____
Eve DelSoldo

_____
Jonathan F. Foster

_____
Michael F. Zendan II

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 8

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____

David L. Rawlinson II

_____

Eve DelSoldo

*Jonathan Foster*
_____

Jonathan F. Foster

_____

Michael F. Zendan II

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 8

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
David L. Rawlinson II


_____
Eve DelSoldo


_____
Eugene I. Davis


_____
Thomas B. Walper



BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 9

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____

David L. Rawlinson II

*Eve DelSoldo*

_____

Eve DelSoldo

_____

Eugene I. Davis

_____

Thomas B. Walper

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>SCHEDULE 9</u>

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

 

David L. Rawlinson II

 

Eve DelSoldo

Signed by:

*Eugene Davis*

BCF5855400F8413...

Eugene I. Davis

Signed by:

*Thomas Walper*

2316D048E2484BD...

Thomas B. Walper

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 9

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
David M. Apostolico

_____
Michael Budicak

_____
Michael Smith

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 10

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
David M. Apostolico

_____
Michael Budicak

_____
Michael Smith

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>SCHEDULE 10</u>

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____

David M. Apostolico

_____

Michael Budicak

*Michael Smith*

_____

Michael Smith



BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 10

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
Robert D. Smith

_____
Steve Chapracki

_____
Charles J. Durante

BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 11

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
Robert D. Smith

*Steven Chapracki*
_____
Steve Chapracki

_____
Charles J. Durante

BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 11

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

 

 

_____

Robert D. Smith

 

 

_____

Steve Chapracki

*Charles J. Durante (signature)*

_____

Charles J. Durante

 

 

BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 11

 

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*

_____
Eve DelSoldo

_____
David L. Rawlinson II

_____
Bill Wafford

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 12

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

 

Eve DelSoldo

 

David L. Rawlinson II

 

Bill Wafford

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 12

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
Eve DelSoldo


_____
David L. Rawlinson II

*Bill Wafford*
_____
Bill Wafford


BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 12

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*
_____

Eve DelSoldo


_____

Karen Mooney


BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 13

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____

Eve DelSoldo

*Karen Mooney*

_____

Karen Mooney

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 13

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Kenneth Walker*
_____
Kenneth Walker


_____
Thomas Bazzone


BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 14

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

 

_____
Kenneth Walker

*Thomas Bazzone*
_____
Thomas Bazzone

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 14

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*
_____
Eve DelSoldo


_____
Thomas Bazzone




BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES        LISTED        ON SCHEDULE 15

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
Eve DelSoldo

*Thomas Bazzone*

_____
Thomas Bazzone

BEING ALL OF THE MEMBERS OF THE BOARDS OF DIRECTORS OF THE COMPANIES LISTED ON SCHEDULE 15

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*
_____

Eve DelSoldo

_____

Constance Hallquist

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON <u>SCHEDULE 16</u>

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
Eve DelSoldo

*Constance Hallquist*
_____
Constance Hallquist

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 16

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

David L. Rawlinson II

Eve DelSoldo

Adam Cavanaugh

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 17

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
David L. Rawlinson II

*Eve DelSoldo*
_____
Eve DelSoldo

_____
Adam Cavanaugh

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 17

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____

David L. Rawlinson II

_____

Eve DelSoldo

_____

Adam Cavanaugh

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANY LISTED ON SCHEDULE 17

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*
_____
Eve DelSoldo


_____
Brian Beitler




BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF THE
COMPANY LISTED ON <u>SCHEDULE 18</u>

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*
_____

Name:  Eve DelSoldo
Title:    Executive Vice President and Secretary

CORNERSTONE       BRANDS,       INC.
BEING THE SOLE MEMBER OF THE
COMPANY LISTED ON <u>SCHEDULE 19</u>

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*
_____
Name:  Eve DelSoldo
Title:    Executive Vice President and Secretary


THE CORNERSTONE HOLDINGS GROUP, INC. BEING THE SOLE MEMBER OF THE COMPANY LISTED ON SCHEDULE 20

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*

_____

Name:  Eve DelSoldo
Title:    Executive Vice President and Secretary

LIBERTY INTERACTIVE LLC BEING THE SOLE MEMBER OF THE COMPANIES LISTED ON SCHEDULE 21

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*
_____

Name: Eve DelSoldo
Title:   Executive Vice President and Secretary



QVC      GLOBAL      CORPORATE HOLDINGS, LLC BEING THE SOLE MEMBER OF THE COMPANY LISTED ON SCHEDULE 22

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

Name:  Aidan O'Meara
Title:   A Manager

QVC GLOBAL MARKETS SARL BEING THE SOLE MEMBER OF THE COMPANY LISTED ON SCHEDULE 23

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*

_____

Name:  Eve DelSoldo
Title:    Executive Vice President and
Secretary


HOME   SHOPPING   NETWORK   EN
ESPAÑOL, L.L.C. BEING   THE   SOLE
GENERAL     PARTNER     OF     THE
COMPANY LISTED ON SCHEDULE 24

*[Signature Page to Omnibus Unanimous Written Consent]*

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
Stacy Bowe

_____
Eve DelSoldo

_____
Matthew Owen

BEING ALL OF THE MANAGERS OF THE COMPANY LISTED ON SCHEDULE 25

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

 

 

 

_____

Stacy Bowe

 

*Eve DelSoldo*

_____

Eve DelSoldo

 

 

_____

Matthew Owen

 

 

BEING ALL OF THE MANAGERS OF THE COMPANY LISTED ON SCHEDULE 25

 

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
Stacy Bowe

_____
Eve DelSoldo

*Matt Owen*
_____
Matt Owen

BEING ALL OF THE MANAGERS OF THE COMPANY LISTED ON <u>SCHEDULE 25</u>

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

*Eve DelSoldo*

_____

Eve DelSoldo


_____

Matthew Owen


BEING ALL OF THE MANAGERS OF THE COMPANY LISTED ON SCHEDULE 26

_____

*[Signature Page to Omnibus Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned Governing Body has executed this written consent as of the date first written above.

_____
Eve DelSoldo


_____
Matt Owen


BEING ALL OF THE MANAGERS OF THE COMPANY LISTED ON SCHEDULE 26

*[Signature Page to Omnibus Unanimous Written Consent]*

**SCHEDULE 1**

| | Company | Jurisdiction |
|---|---|---|
| 1. | QVC Group, Inc. | Delaware |

**SCHEDULE 2**

| | Company | Jurisdiction |
|---|---|---|
| 1. | HSN, Inc. | Delaware |
| 2. | QVC Chesapeake, LLC | Virginia |
| 3. | QVC Northeast, LLC | Delaware |
| 4. | QVC Ontario Holdings, LLC | Delaware |
| 5. | QVC Ontario, LLC | Delaware |
| 6. | QVC Rocky Mount, Inc. | North Carolina |
| 7. | QVC San Antonio, LLC | Texas |
| 8. | QVC Shop International, Inc. | Delaware |
| 9. | QVC Suffolk, LLC | Minnesota |
| 10. | QVC St. Lucie, Inc. | Florida |

## SCHEDULE 3

|   | Company | Jurisdiction |
|---|---------|--------------|
| 1. | NLG Merger Corp. | Delaware |
| 2. | Qurate Digital Ventures, LLC | Delaware |
| 3. | Ventana Television Holdings, Inc. | Delaware |
| 4. | Ventana Television, Inc. | Delaware |

**SCHEDULE 4**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Innovative Retailing, Inc. | Delaware |
| 2. | QVC Delaware LLC | Delaware |
| 3. | QVC Global DDGS, Inc. | Delaware |
| 4. | QVC Global Holdings I, Inc. | Delaware |
| 5. | QVC HK Holdings, LLC | Delaware |
| 6. | QVC India, Ltd. | Delaware |
| 7. | QVC Italy Holdings, LLC | Delaware |
| 8. | QVC Japan Services, LLC | Delaware |
| 9. | QVC Realty LLC | Pennsylvania |
| 10. | QVC China, Inc. | Delaware |
| 11. | Shopping Holdings, LLC | Delaware |

**SCHEDULE 5**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Streaming Commerce Ventures, LLC | Delaware |

**SCHEDULE 6**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Liberty Interactive LLC | Delaware |

**SCHEDULE 7**

| | Company | Jurisdiction |
|---|---|---|
| 1. | QVC, Inc. | Delaware |

**SCHEDULE 8**

| | Company | Jurisdiction |
|---|---|---|
| 1. | QRI Cornerstone, Inc. | Delaware |

**SCHEDULE 9**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Qurate Retail Group, Inc. | Delaware |

## SCHEDULE 10

| | Company | Jurisdiction |
|---|---|---|
| 1. | Affiliate Distribution & Mktg., Inc. | Delaware |

**SCHEDULE 11**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Affiliate Investment, Inc. | Delaware |
| 2. | Affiliate Relations Holdings, Inc. | Delaware |
| 3. | AMI 2, Inc. | Delaware |
| 4. | Diamonique Canada Holdings, Inc. | Delaware |
| 5. | DMS DE, Inc. | Delaware |
| 6. | ER Marks, Inc. | Delaware |
| 7. | GC Marks, Inc. | Delaware |
| 8. | IC Marks, Inc. | Delaware |
| 9. | NSTBC, Inc. | Delaware |
| 10. | QC Marks, Inc. | Delaware |
| 11. | QHealth, Inc. | Delaware |
| 12. | QVC Delaware Holdings, Inc. | Delaware |
| 13. | QVC Vendor Development, Inc. | Delaware |

**SCHEDULE 12**

| | Company | Jurisdiction |
|---|---|---|
| 1. | ER Development International, Inc. | Pennsylvania |

**SCHEDULE 13**

| Company | Jurisdiction |
|---|---|
| 1. Ballard Designs, Inc. | Georgia |

**SCHEDULE 14**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Contract Décor, Inc. | Delaware |
| 2. | Frontgate Marketing, Inc. | Delaware |

**SCHEDULE 15**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Cornerstone Brands, Inc. | Delaware |
| 2. | HSN Catalog Services, Inc. | Delaware |
| 3. | The Cornerstone Brands Group, Inc. | Delaware |
| 4. | The Cornerstone Holdings Group, Inc. | Delaware |

**SCHEDULE 16**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Garnet Hill, Inc. | New Hampshire |

**SCHEDULE 17**

| | Company | Jurisdiction |
|---|---|---|
| 1. | QLocal, Inc. | Delaware |

**SCHEDULE 18**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Live Shop Ventures, LLC | Delaware |

## SCHEDULE 19

| | Company | Jurisdiction |
|---|---|---|
| 1. | Cornerstone Shared Services, LLC | Delaware |
| 2. | HSN Improvements, LLC | Delaware |

**SCHEDULE 20**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Cinmar, LLC | Delaware |

**SCHEDULE 21**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Liberty Acorns, LLC | Delaware |
| 2. | Liberty Quid, LLC | Delaware |
| 3. | Liberty QVC Holding, LLC | Delaware |
| 4. | Liberty USA Holdings, LLC | Delaware |
| 5. | LIC Britco, LLC | Delaware |
| 6. | LIC Israel Investment, LLC | Delaware |
| 7. | Liberty Solar Energy LLC | Delaware |

**SCHEDULE 22**

| | Company | Jurisdiction |
|---|---|---|
| 1. | QVC GCH Company, LLC | Delaware |

**SCHEDULE 23**

| | Company | Jurisdiction |
|---|---|---|
| 1. | QVC Global Corporate Holdings, LLC | Delaware |

**SCHEDULE 24**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Home Shopping Network En Español, L.P. | New Hampshire |

**SCHEDULE 25**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Ingenious Designs LLC | Delaware |

**SCHEDULE 26**

| | Company | Jurisdiction |
|---|---|---|
| 1. | HSN Holding LLC | Delaware |
| 2. | Home Shopping Network En Español, L.L.C. | Delaware |
| 3. | HSNi, LLC | Delaware |