United States Bankruptcy Court
Southern District of Texas

**ENTERED**
April 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) |  |
|  | ) | (Jointly Administered) |
|  | ) |  |

**ORDER (I) AUTHORIZING THE DEBTORS
TO (A) REDACT CERTAIN CONFIDENTIAL INFORMATION
OF CUSTOMERS, AND (B) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF NATURAL PERSONS, (II) WAIVING THE REQUIREMENT
TO FILE A LIST OF, AND PROVIDE NOTICE DIRECTLY TO, EQUITY SECURITY HOLDERS,
(III) APPROVING THE MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF
THE CHAPTER 11 CASES AND OTHER INFORMATION, AND (IV) GRANTING RELATED RELIEF**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors

in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) authorizing,

but not directing, the Debtors to (i) redact certain confidential information of customers, and

(ii) redact certain personally identifiable information of natural persons, (b) waiving the

requirement to file a list of, and provide notice directly to, equity security holders of QVCG,

(c) approving the manner of notifying creditors of the commencement of these chapter 11 cases

and other information, and (d) granting related relief, all as more fully set forth in the Motion; and

upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania, 19380.  "QVC" or the "Company" means, collectively, QVC Group, Inc. and its Debtor and non-Debtor subsidiaries and affiliates.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4914-1165-3282

28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter this Order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

2. As soon as practicable after entry of an order authorizing the engagement of Kroll Restructuring Administration LLC ("Kroll") as Claims and Noticing Agent in these chapter 11 cases, the Debtors shall furnish to Kroll a Consolidated Creditor Matrix.

3. The Debtors and Kroll are authorized, pursuant to section 107(b)(1) and 107(c) of the Bankruptcy Code, to redact the names, email addresses, physical addresses, and telephone numbers of their customers and all personally identifiable information of natural persons from any filings with the Court or made publicly available in these chapter 11 cases. In each case, the

2

4914-1165-3282

Debtors shall provide the unredacted version of any such documents to (a) the Court, (b) the U.S. Trustee, (c) Davis Polk & Wardwell LLP and Porter Hedges LLP, as counsel to the QVC Noteholder Group, (d) Simpson Thacher & Bartlett LLP, as counsel to the Consenting RCF Lenders, (e) counsel to any official committee appointed in these chapter 11 cases (on a professional eyes only basis with respect to the Debtors' customer list), (f) Kroll, and (g) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases; *provided* that any receiving parties shall not transfer or otherwise provide such unredacted document to any person or entity that is not a party to the request and the receiving party shall agree that the unredacted version(s) of the documents will be maintained in strict confidence.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document.  Nothing herein precludes a party in interest's right to file a motion requesting that this Court unseal the information redacted by this Order.  Bankruptcy Local Rule 9037-1(b) shall apply to any document redacted in accordance with this Order.

4.      The requirements that QVCG file a list of equity security holders pursuant to Bankruptcy Rule 1007(a)(3) and provide notice directly to equity security holders under Bankruptcy Rule 2002(d) are waived.

5.      In addition, if they have not already done so as of the entry of this Order, the Debtors shall file a Form 8-K with the United States Securities and Exchange Commission as soon as practicable after entry of this Order, notifying their investors and other parties of the commencement of these chapter 11 cases.  The Debtors are further authorized to issue a press release announcing the bankruptcy filing.

6.      The Debtors, through Kroll, are authorized to distribute all pleadings and papers in these chapter 11 cases, including, when applicable, the Combined Hearing Notice, to parties in

3

interest via email; *provided* that if the Debtors do not have a party in interest's email, then the Debtors, through Kroll, shall mail all pleadings and papers to the party in interest to the last known address on file.

7.     To the extent notice or service by mail (as opposed to email) is required or requested, Kroll may serve individuals at their personal home addresses.

8.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures are satisfied by such notice.

9.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

 Signed: April 17, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge

4

4914-1165-3282