United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 17, 2026

Nathan Ochsner, Clerk

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

### INTERIM ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO STOCK, (II) DIRECTING THAT ANY SUCH TRANSFER OR DECLARATION OF WORTHLESSNESS IN VIOLATION OF SUCH PROCEDURES BE NULL AND VOID *AB INITIO*, AND (III) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) approving certain notification and hearing procedures, substantially in the form attached as **Exhibit 1** hereto (the "Procedures"), related to certain transfers of, or declarations of worthlessness with respect to, the Stock, (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012; and this

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4909-3902-1218

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter this Interim Order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The final hearing (the "Final Hearing") on the Motion shall be held on May 8, 2026, at 11:00 a.m., prevailing Central Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on May 4, 2026.  In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

2.      Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

4.      The provisions of this Interim Order shall be effective as of the Petition Date.

4909-3902-1218

5.      The Procedures, as set forth in **Exhibit 1** attached hereto, are hereby approved.

6.      Any postpetition transfer of, or postpetition declaration of worthlessness with respect to, Beneficial Ownership of Stock in violation of the Procedures, including, but not limited to, the notice requirements, shall be null and void *ab initio*.

7.      In the case of any such transfer of Beneficial Ownership of Stock in violation of the Procedures, including, but not limited to, the notice requirements therein, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

8.      In the case of any such postpetition declaration of worthlessness with respect to Beneficial Ownership of Stock in violation of the Procedures, including, but not limited to, the notice requirements therein, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

9.      Subject to any applicable creditor consent (including written consent of the QVC Noteholder Group), the Debtors are authorized to retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

10.     The Debtors shall post the Procedures to the website established by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll" or the "Claims and Noticing Agent"), for these chapter 11 cases (https://restructuring.ra.kroll.com/QVC), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

3

4909-3902-1218

11.     Nothing herein shall preclude any person desirous of acquiring Stock from requesting relief from this Interim Order from the Court, subject to the Debtors' and the other Notice Parties' (as defined in **Exhibit 1** annexed hereto) rights to oppose such relief.

12.     The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and other applicable laws and do not excuse compliance therewith.

13.     Notwithstanding anything to the contrary herein, nothing contained in the Motion or any actions taken pursuant to this Interim Order is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim.

4909-3902-1218

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rules, the Bankruptcy Local Rules, and the *Procedures for Complex Cases in the Southern District of Texas* are satisfied by such notice.

15.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Houston, Texas

Signed: April 17, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge

5

4909-3902-1218

**Exhibit 1**

**Procedures for Transfers of and Declarations of Worthlessness
with Respect to Beneficial Ownership of Stock**

4909-3902-1218

## PROCEDURES FOR TRANSFERS OF AND
## DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO STOCK

The following procedures apply to transfers of Stock:[1]

a.      Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, QVC Group, Inc., 1200 Wilson Drive, West Chester, Pennsylvania 19380, Attn.: Eve DelSoldo, General Counsel (eve.delsoldo@qvc.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 333 W Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Gabriela Zamfir Hensley (gabriela.hensley@kirkland.com) and Alan McCormick (alan.mccormick@kirkland.com) and (B) Gray Reed, 1300 Post Oak Boulevard, Suite 2000, Houston, TX 77056, Attn.: Jason S. Brookner (jbrookner@grayreed.com), Lydia R. Webb (lwebb@grayreed.com), and Emily F. Shanks (eshanks@grayreed.com); (iii) the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn.: Jana Smith Whitworth (jana.whitworth@usdoj.gov); (iv) any statutory committee appointed in these chapter 11 cases; (v) counsel to the QVC Noteholder Group, Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017, Attn: Angela M. Libby (angela.libby@davispolk.com) and Aryeh Ethan Falk (aryeh.falk@davispolk.com); and (vi) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Nicholas Baker (nbaker@stblaw.com), Rachael L. Foust (rachael.foust@stblaw.com), and Zachary Weiner (zachary.weiner@stblaw.com) (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached hereto as **Exhibit 1A** (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order (as defined herein), or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.      Prior to effectuating any transfer of Beneficial Ownership of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Stock, substantially in the form attached hereto as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Stock").

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

4909-3902-1218

c.  Prior to effectuating any transfer of Beneficial Ownership of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Stock, substantially in the form attached hereto as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Stock," and together with a Declaration of Intent to Accumulate Stock, each, a "Declaration of Proposed Transfer").

d.  The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the Notice Parties.

e.  For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least (1) 354,870 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock) or (2) 4.5 percent of any individual class (or series) of Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities

2

4909-3902-1218

that such holder has an Option to acquire).  As used herein, an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock or Preferred Stock:

a.   Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached hereto as **Exhibit 1D** (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order (as defined herein) and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.   Prior to filing any U.S. federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached hereto as **Exhibit 1E**.

   i.   The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii.   If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, or unless such objection is withdrawn.

---

[2]   For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2022, has owned Beneficial Ownership of 50 percent or more of the Common Stock or Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

3

4909-3902-1218

iii.   If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the Notice Parties.

## NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

a.   No later than five business days following entry of the Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall serve a notice by first class mail or overnight mail, postage prepaid, substantially in the form attached to the Procedures as **Exhibit 1F** (the "Notice of Interim Order"), on:  (i) the U.S. Trustee; (ii) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Notice Parties; and (vi) to the extent known, each Stock holder directly registered with the transfer agent for the Debtors' Stock and all banks, brokers, intermediaries, other nominees, or their mailing agents (each, a "Nominee" and collectively, the "Nominees") that hold the Stock in "street name" for the beneficial holders (with instructions to serve the Notice of Interim Order down to the beneficial holders of such Stock, as applicable).  To accomplish the aforementioned noticing, the Debtors request that the Court order and authorize the transfer agent for the Debtors' Stock to provide Kroll Restructuring Administration LLC, the Debtors' proposed claims and noticing agent ("Kroll" or the "Claims and Noticing Agent"), with the list of registered Stock holders, in Microsoft Excel or similar electronic format, within one business day of entry of the Interim Order.

b.   Upon receipt of the Notice of Interim Order, and in no event later than five business days after being served with such notice, all Stock holders directly registered with the transfer agent for the Debtors' Stock and all Nominees that hold the Stock in "street name" shall be required to serve the Notice of Interim Order on any holder for whose benefit such registered or Nominee holder holds such Stock, with correlative instructions to serve notices, sequentially, down the chain of ownership for all such holders of Stock, as applicable, to reach the beneficial holder level.

4

4909-3902-1218

c.  Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order on such purchaser of such Stock, or any broker or agent acting on such purchaser's behalf.

d.  Within five calendar days following entry of the Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall submit a copy of the Notice of Interim Order (modified for publication) for publication in *The New York Times (National Edition)*.

e.  To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed with the Court and served in redacted form; *provided*, *however*, that any such declarations served on the Notice Parties ***shall not*** be in redacted form. The Notice Parties shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *further*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

4909-3902-1218

## **Exhibit 1A**

## **Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

The undersigned party is/has become a Substantial Shareholder with respect to the existing class[es (or series)] of (i) common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of QVC Group, Inc. or (ii) preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of QVC Group, Inc.   QVC

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]  For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least  (1) 354,870 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock) or (2) 4.5 percent of any individual class (or series) of Preferred Stock; (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4909-3902-1218

Group, Inc. is a debtor and debtor in possession in Case No. 26-90477 (ARP) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

As of _____ __, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and Preferred Stock:

| Number of Shares | Type of Stock | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing that Any Such Transfer or Declaration of Worthlessness in Violation of Such Procedures Be Null and Void Ab Initio, and (III) Granting Related Relief* [Docket No. ___] (the " Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

2

4909-3902-1218

At the election of the Substantial Shareholder, the Declaration to be filed with the Court (but not the Declaration that is served upon the Debtors) may be redacted to exclude the Substantial Shareholder's taxpayer identification number and the amount of Common Stock and Preferred Stock that the Substantial Shareholder beneficially owns.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____, 2026

_____, _____

(City)             (State)

3

## Exhibit 1B

## Declaration of Intent to Accumulate Stock

4909-3902-1218

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DECLARATION OF INTENT TO ACCUMULATE STOCK**[2]

The undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the existing classes (or series) of (i) common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of QVC Group, Inc. or (ii) preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of QVC Group, Inc.  QVC Group, Inc. is a

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (1) 354,870 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock) or (2) 4.5 percent of any individual class (or series) of Preferred Stock; (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4909-3902-1218

debtor and debtor in possession in Case No. 26-90447 (ARP) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

If applicable, on _____ __, __, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

Pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of (i) _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock and (ii) _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing that Any Such Transfer or Declaration of Worthlessness in Violation of Such Procedures Be Null and Void Ab Initio, and (III) Granting Related Relief* [Docket No. ___] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

At the election of the undersigned party, the Declaration to be filed with the Court (but not the Declaration that is served upon the Debtors) may be redacted to exclude the undersigned

2

4909-3902-1218

party's taxpayer identification number and the amount of Common Stock and Preferred Stock that the undersigned party beneficially owns.

Pursuant to the Interim Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

The Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

Any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock and/or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

3

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____, ____

_____, _____

(City)          (State)

4

4909-3902-1218

## <u>Exhibit 1C</u>

## Declaration of Intent to Transfer Stock

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DECLARATION OF INTENT TO TRANSFER STOCK[2]**

The undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing classes (or series) of (i) common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of QVC Group, Inc. or (ii) preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of QVC Group, Inc.  QVC Group, Inc. is a debtor and debtor

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (1) 354,870 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock) or (2) 4.5 percent of any individual class (or series) of Preferred Stock; (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

in possession in Case No. 26-90447 (ARP) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

Pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of (i) _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock and (ii) _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock after such transfer becomes effective.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing that Any Such Transfer or Declaration of Worthlessness in Violation of Such Procedures Be Null and Void Ab Initio, and (III) Granting Related Relief* [Docket No. ___] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

At the election of the undersigned party, the Declaration to be filed with the Court (but not the Declaration that is served upon the Debtors) may be redacted to exclude the undersigned

2

4909-3902-1218

party's taxpayer identification number and the amount of Common Stock and Preferred Stock that the undersigned party beneficially owns.

Pursuant to the Interim Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

The Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

Any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock and/or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

3

4909-3902-1218

Respectfully submitted,

(Name of Declarant)

By:

_____
Name: _____
Address: _____

_____
Telephone: _____
Facsimile: _____

Dated: _____ __, ___
_____, _____
    (City)       (State)

4

4909-3902-1218

**Exhibit 1D**

**Declaration of Status as a 50-Percent Shareholder**

4909-3902-1218

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]**

The undersigned party is/has become a 50-Percent Shareholder with respect to one or more shares of the existing classes (or series) of (i) common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of QVC Group, Inc or (ii) preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of QVC Group,

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]   For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2022, has owned Beneficial Ownership of 50 percent or more of the Common Stock or Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3)  an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4909-3902-1218

Inc.  QVC Group, Inc. is a debtor and debtor in possession in Case No. 26-90447 (ARP) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

As of _____ __, ___, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and Preferred Stock:

| Number of Shares | Type of Stock | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing that Any Such Transfer or Declaration of Worthlessness in Violation of Such Procedures Be Null and Void Ab Initio, and (III) Granting Related Relief* [Docket No. ___] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

2

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, ____

_____, _____

      (City)       (State)

4909-3902-1218

**Exhibit 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

The undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to one or more shares of the existing class (or series) of (i) common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of QVC Group, Inc. or (ii) preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of QVC Group, Inc. QVC

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC. The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]   For purposes of this Declaration: (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2022, has owned Beneficial Ownership of 50 percent or more of the Common Stock or Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4909-3902-1218

Group, Inc. is a debtor and debtor in possession in Case No. 26-90447 (ARP) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

Pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock and _____ shares of Preferred Stock became worthless during the tax year ending _____.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing that Any Such Transfer or Declaration of Worthlessness in Violation of Such Procedures Be Null and Void Ab Initio, and (III) Granting Related Relief* [Docket No. ___] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

At the election of the undersigned party, the Declaration to be filed with the Court (but not the Declaration that is served upon the Debtors) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock and Preferred Stock that the undersigned party beneficially owns.

Pursuant to the Interim Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the

2

4909-3902-1218

Worthless Stock Deduction described herein. If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

Any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 2026

_____, _____

(City)        (State)

3

4909-3902-1218

## Exhibit 1F

## Notice of Interim Order

4909-3902-1218

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**NOTICE OF INTERIM ORDER (I) APPROVING**
**NOTIFICATION AND HEARING PROCEDURES FOR**
**CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS**
**WITH RESPECT TO STOCK, (II) DIRECTING THAT ANY SUCH TRANSFER OR**
**DECLARATION OF WORTHLESSNESS IN VIOLATION OF SUCH PROCEDURES**
**BE NULL AND VOID *AB INITIO*, AND (III) GRANTING RELATED RELIEF**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASS OF COMMON STOCK (THE "COMMON STOCK") OF QVC GROUP, INC. OR THE EXISTING CLASS OF PREFERRED STOCK (THE "PREFERRED STOCK") OF QVC GROUP, INC.:**

**PLEASE TAKE NOTICE** that, on April 16, 2026 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed petitions with the United States Bankruptcy Court for the Southern District of Texas (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC. The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

4909-3902-1218

**PLEASE TAKE FURTHER NOTICE** that, on the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of an Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing that Any Such Transfer or Declaration of Worthlessness in Violation of Such Procedures Be Null and Void Ab Initio, and (III) Granting Related Relief* [Docket No. [___]] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that, on [_____], 2026, the Court entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Stock, (II) Directing that Any Such Transfer or Declaration of Worthlessness in Violation of Such Procedures Be Null and Void Ab Initio, and (III) Granting Related Relief* [Docket No. [___]] (the "Interim Order") approving procedures for certain transfers and declarations of worthlessness with respect to Common Stock and Preferred Stock, set forth in **Exhibit 1** attached to the Interim Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Preferred Stock, or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the Procedures shall apply to the holding and transfers of Common Stock or Preferred Stock, or any Beneficial Ownership therein, by a Substantial Shareholder or someone who may become a Substantial Shareholder.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Order or the Motion, as applicable.

4909-3902-1218

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, (a) a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Preferred Stock, or Beneficial Ownership of Common Stock or Preferred Stock, in violation of the Procedures, (b) any such deduction in violation of the Procedures shall be null and void *ab initio*, and (c) any 50-Percent Shareholder that makes any such deduction in violation of the Procedures shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, upon the request of any person or entity, the proposed notice, claims, and solicitation agent for the Debtors, Kroll Restructuring Administration LLC, will provide a copy of the Interim Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Such declarations are also available via PACER on the Court's website at https://ecf.txsd.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/QVC.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, failure to follow the Procedures set forth in the Interim Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Interim Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the Interim Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that, except to the extent that the Interim Order expressly conditions or restricts trading in Common Stock or Preferred Stock, nothing in the Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter

3

or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

PLEASE TAKE FURTHER NOTICE that any prohibited purchase, sale, or other transfer of, or declaration of worthlessness with respect to, Common Stock or Preferred Stock, or the Beneficial Ownership thereof, or option with respect thereto in violation of the Interim Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as the Court may determine.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in the Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

4

4909-3902-1218

Dated:  [●], 2026

*/s/*
_____

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Lydia R. Webb (TX Bar No. 24083758)
Emily F. Shanks (TX Bar No. 24110350)
1300 Post Oak Blvd.
Suite 2000
Houston, Texas 77056
Telephone:       (713) 986-7000
Facsimile:       (713) 986-7100
Email:            jbrookner@grayreed.com
                     lwebb@grayreed.com
                     eshanks@grayreed.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                     aparna.yenamandra@kirkland.com

- and -

Chad J. Husnick, P.C. (*pro hac vice* pending)
Gabriela Zamfir Hensley (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:            chad.husnick@kirkland.com
                     gabriela.hensley@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

4909-3902-1218