**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF FILING OF PLAN SUPPLEMENT**

**PLEASE TAKE NOTICE** that, as contemplated by the *Joint Prepackaged Plan of Reorganization of QVC Group, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 15] (as may be amended or modified from time to time and including all exhibits and supplements thereto, the "Plan"),[2] on May 11, 2026, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the plan supplement (the "Plan Supplement") with the United States Bankruptcy Court for the Southern District of Texas (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement includes current drafts of the following documents (which remain subject to ongoing review, revision, and further negotiation among the Debtors and interested parties in accordance with the Plan and the RSA), as may be modified, amended, or supplemented from time to time:

| | |
|---|---|
| **Exhibit A** | Schedule of Retained Causes of Action |
| **Exhibit B** | Rejected Executory Contracts and Unexpired Leases List |
| **Exhibit C** | Restructuring Steps Plan |

**PLEASE TAKE FURTHER NOTICE** that the Debtors and certain other parties-in-interest reserve all rights, subject and pursuant to the terms and conditions set forth in the Plan and the RSA, to alter, amend, modify, or supplement the Plan Supplement and any of the documents contained herein in accordance with the terms of the Plan, at any time before the Effective Date of the Plan or any such other date as may be provided for by the Plan or by order of the Court; *provided* that if any document in this Plan Supplement is altered, amended, modified,

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]   Capitalized terms used but not defined herein have the meanings given to them in the Plan.

or supplemented in any material respect prior to the Combined Hearing, the Debtors will file a redline of such document with the Court.

PLEASE TAKE FURTHER NOTICE that the Plan Supplement shall be deemed incorporated into and part of the Plan as if set forth therein in full.  The documents contained in the Plan Supplement are integral to, and are considered part of, the Plan.  If the Plan is approved, the documents contained in the Plan Supplement shall also be approved by the Court pursuant to the Confirmation Order.  In the event of a conflict between the Plan and the Plan Supplement, the Plan Supplement shall control in accordance with Article I.G of the Plan (unless stated otherwise in such Plan Supplement document or in the Confirmation Order).

PLEASE TAKE FURTHER NOTICE that the Debtors will seek confirmation of the Plan and approval of the Disclosure Statement at the Combined Hearing to be held before the Honorable Alfredo R. Perez, Courtroom 400 of the United States Bankruptcy Court, Houston Division, 515 Rusk Street, Houston, Texas, 77002, on **May 26, 2026, at 9:00 a.m. (prevailing Central Time)**.

PLEASE TAKE FURTHER NOTICE that the deadline for filing objections to the Plan is **May 19, 2026, at 11:59 p.m. (prevailing Central Time)** (the "Plan Objection Deadline").  Any objection to the Plan *must*:  (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court on or before the Plan Objection Deadline.

PLEASE TAKE FURTHER NOTICE **that** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Kroll Restructuring Administration, the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by:  (a) emailing QVCInfo@ra.kroll.com; or (b) calling the Debtors' restructuring hotline at (888) 575-5337 (USA or Canada, toll-free) or +1 (347) 292-4386 (international).  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at https://www.pacer.gov.  Copies of certain orders, notices, and pleadings, as well as other information regarding these chapter 11 cases, are also available for inspection free of charge online at https://restructuring.ra.kroll.com/QVC.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.**

---

Dated:  May 11, 2026

*/s/ Jason S. Brookner*

| | |
|---|---|
| **GRAY REED** | **KIRKLAND & ELLIS LLP** |
| Jason S. Brookner (TX Bar No. 24033684) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Lydia R. Webb (TX Bar No. 24083758) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Emily F. Shanks (TX Bar No. 24110350) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |

GRAY REED
Jason S. Brookner (TX Bar No. 24033684)
Lydia R. Webb (TX Bar No. 24083758)
Emily F. Shanks (TX Bar No. 24110350)
1300 Post Oak Blvd.
Suite 2000
Houston, Texas 77056
Telephone:        (713) 986-7000
Facsimile:     (713) 986-7100
Email:            jbrookner@grayreed.com
                      lwebb@grayreed.com
                      eshanks@grayreed.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                      aparna.yenamandra@kirkland.com

- and -

Chad J. Husnick, P.C. (admitted *pro hac vice*)
Gabriela Zamfir Hensley (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            chad.husnick@kirkland.com
                      gabriela.hensley@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on May 11, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**PLAN SUPPLEMENT FOR**
**THE DEBTORS' JOINT PREPACKAGED PLAN OF**
**REORGANIZATION OFQVC GROUP, INC. AND ITS DEBTOR**
**AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**Table of Contents[2]**

**Exhibit A**   Schedule of Retained Causes of Action
**Exhibit B**   Rejected Executory Contracts and Unexpired Leases List
**Exhibit C**   Restructuring Steps Plan

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]   Capitalized terms used but not defined herein have the meanings given to them in the Plan.

Certain documents, or portions thereof, contained in this Plan Supplement remain subject to continuing negotiations among each of the Debtors and between the Debtors and other interested parties with respect thereto.  Each of the Debtors reserve all rights, with the consultation or consent of any applicable counterparties to the extent required under the Plan and RSA, to alter, amend, revise, or supplement the Plan Supplement, and any of the documents contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court, and no consent of the Consenting Stakeholders has been given or shall be presumed or deemed to have been given by the Consenting Stakeholders as a result of or in connection with the filing of this Plan Supplement.  Each of the documents contained in the Plan Supplement or its amendments are subject to certain consent and approval rights to the extent provided in the Plan or the RSA.

**Exhibit A**

**Schedule of Retained Causes of Action**

Article <u>IV.R</u> of the Plan provides as follows:

In accordance with section 1123(b) of the Bankruptcy Code, but subject to <u>Article VIII</u> hereof, the Reorganized Debtors shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action of the Debtors, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Reorganized Debtors' rights to commence, prosecute, or settle such retained Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date or any other provision of this Plan to the contrary, other than the Causes of Action released by the Debtors pursuant to the releases and exculpations contained in this Plan, including in <u>Article VIII</u> hereof, which shall be released and waived by the Debtors and the Reorganized Debtors as of the Effective Date.  For the avoidance of doubt, any Causes of Action on the Schedule of Retained Causes of Action shall not be released pursuant to <u>Article VIII</u> hereof.

The Reorganized Debtors may pursue such retained Causes of Action, as appropriate, in accordance with the best interests of the Reorganized Debtors.  **No Entity may rely on the absence of a specific reference in this Plan (including the Plan Supplement), or the Disclosure Statement to any Cause of Action against it as any indication that the Debtors or the Reorganized Debtors, as applicable, will not pursue any and all available retained Causes of Action against it.  The Debtors and the Reorganized Debtors expressly reserve all rights to prosecute any and all retained Causes of Action against any Entity, except as otherwise expressly provided in this Plan including <u>Article VIII</u> hereof.**

**Unless otherwise agreed upon in writing by the parties to the applicable Cause of Action, all objections to the Schedule of Retained Causes of Action must be Filed on or before thirty (30) days after the Effective Date.  Any such objection that is not timely Filed shall be disallowed and forever barred, estopped, and enjoined from assertion against any Reorganized Debtor, without the need for any objection or responsive pleading by the Reorganized Debtors or any other party in interest or any further notice to or action, order, or approval of the Bankruptcy Court.**  The Reorganized Debtors may settle any such retained Cause of Action without further notice to or action, order, or approval of the Bankruptcy Court.  If there is any dispute regarding the inclusion of any Cause of Action on the Schedule of Retained Causes of Action that remains unresolved by the Debtors or Reorganized Debtors, as applicable, and the objecting party for thirty (30) days, such objection shall be resolved by the Bankruptcy Court. Unless any retained Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in this Plan or a Bankruptcy Court order, the Reorganized Debtors expressly reserve all retained Causes of Action, for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such

retained Causes of Action upon, after, or as a consequence of the Confirmation or Consummation.

The Reorganized Debtors reserve and shall retain such Causes of Action notwithstanding the rejection or repudiation of any Executory Contract or Unexpired Lease during the Chapter 11 Cases or pursuant to this Plan. In accordance with section 1123(b)(3) of the Bankruptcy Code, any retained Causes of Action that a Debtor may hold against any Entity shall vest in the corresponding Reorganized Debtor, except as otherwise expressly provided in this Plan, including Article VIII hereof, or pursuant to Bankruptcy Court order. The Reorganized Debtors, through their authorized agents or representatives, shall retain and may exclusively enforce any and all such retained Causes of Action. The Reorganized Debtors shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such retained Causes of Action and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Bankruptcy Court.

1.     **Claims Related to Insurance Policies**

Unless expressly released by the Plan, the Debtors reserve all Causes of Action based in whole or in part upon any and all insurance contracts and insurance policies to which any Debtor or Reorganized Debtor is a party or pursuant to which any Debtor or Reorganized Debtor has any rights whatsoever, regardless of whether such contract or policy is specifically identified in the Plan, this Plan Supplement, or any amendments thereto, including, without limitation, Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters. Without limiting the generality of the foregoing, the Debtors expressly reserve all Causes of Action against the Entities identified in **Exhibit (A)(i)** attached hereto.

2.     **Claims Related to Taxing Authorities**

Unless expressly released by the Plan, the Debtors reserve all Causes of Action based in whole or in part upon any and all tax obligations to which any Debtor or Reorganized Debtor is a party or pursuant to which any Debtor or Reorganized Debtor has any rights whatsoever, including, without limitation, against or related to all Entities that owe or that may in the future owe money related to tax refunds to the Debtors or the Reorganized Debtors, regardless of whether such Entity is specifically identified herein. Without limiting the generality of the foregoing, the Debtors expressly reserve all Causes of Action against the Entities identified in **Exhibit (A)(ii)** attached hereto.

3.     **Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation and Possible Litigation**

Unless expressly released by the Plan, the Debtors reserve all Causes of Action against or related to all Entities that have brought (or may in the future bring) litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial, regardless of whether such Entity is specifically identified in the Plan, this Plan Supplement, or any amendments thereto. Without limiting the generality of the

foregoing, the Debtors expressly reserve all Causes of Action against the Entities identified in **Exhibit (A)(iii)** attached hereto.

4.      **Claims Related to Accounts Receivable and Accounts Payable**

Unless expressly released by the Plan, the Debtors reserve all Causes of Action against or related to all Entities that owe or that may in the future owe money to the Debtors or Reorganized Debtors in the ordinary course of business, regardless of whether such Entity is expressly identified in the Plan, this Plan Supplement, or any amendments thereto.  Furthermore, the Debtors expressly reserve all Causes of Action against or related to all Entities who assert or may assert that the Debtors or Reorganized Debtors, as applicable, owe money to them.

5.      **Claims Related to Deposits, Adequate Assurance, and Other Collateral Postings**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable expressly reserve all Causes of Action based in whole or in part upon any and all postings of security deposits, adequate assurance payment, or any other type of deposit, prepayment, or collateral, regardless of whether such posting of security deposit, adequate assurance payment, or any other type of deposit, prepayment or collateral is specifically identified herein.[3]

6.      **Claims Related to Liens**

Unless otherwise released by the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all Causes of Action based in whole or in part upon any and all liens regardless of whether such lien is specifically identified herein.

7.      **Claims Related to Contracts and Leases**

Unless otherwise expressly released by the Plan, the Debtors and the  Reorganized Debtors, as applicable, reserve Causes of Action based in whole or in part upon any and all contracts, leases, joint operating agreements, and similar instruments (other than any management services agreements), to which any of the Debtors or Reorganized Debtors is a party or pursuant to which any of the Debtors or Reorganized Debtors has any rights whatsoever (regardless of whether such contract or lease is specifically identified in the Plan, this Plan Supplement, or any amendments thereto), including without limitation all contracts and leases that are assumed pursuant to the Plan or were previously assumed by the Debtors.  The claims and Causes of Action reserved include, but are not limited to, Causes of Action against vendors, suppliers of goods and services, lessors, lessees, and licensees, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deductions owing or improper deductions taken deposits, warranties, guarantees, indemnities, recoupment, reimbursement, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance

---

[3]   For the avoidance of doubt, the Debtors reserve all rights with respect to any deposit provided in accordance with the *Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Utility Services, (II) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief* [Docket No. 65] or otherwise provided as "adequate assurance of payment" (as that term is used by Section 366 of the Bankruptcy Code).

on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor or other party; (e) for any liens, including mechanics', artisans', materialmens', possessory or statutory liens held by any one or more of the Debtors and the Reorganized Debtors, as applicable; (f) arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies or suppliers of environmental services or goods; (g) for counter-claims and defenses related to any contractual obligations; (h) for any turnover actions arising under section 542 or 543 of the Bankruptcy Code; and (i) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property or any business tort claims.

**Exhibit A(i)**

**Causes of Action Related to Insurance Policies**

| Name of Counterparty | Nature |
|---|---|
| AIG Specialty Insurance Company | Causes of Action Related to Insurance Policies |
| Allianz Global Risks US Insurance Company | Causes of Action Related to Insurance Policies |
| Allied World Assurance Company Holdings, Ltd. | Causes of Action Related to Insurance Policies |
| Ambridge Partners LLC | Causes of Action Related to Insurance Policies |
| American Guarantee and Liability Insurance Company | Causes of Action Related to Insurance Policies |
| ANV Global Services, Inc. | Causes of Action Related to Insurance Policies |
| Arch Speciality Insurance Company | Causes of Action Related to Insurance Policies |
| Ascot Insurance Company | Causes of Action Related to Insurance Policies |
| Aspen Specialty Insurance Company | Causes of Action Related to Insurance Policies |
| ASQ Underwriting | Causes of Action Related to Insurance Policies |
| Attorney General of the State of Alabama | Causes of Action Related to Insurance Policies |
| AXA X.L. Insurance | Causes of Action Related to Insurance Policies |
| AXIS Insurance Company | Causes of Action Related to Insurance Policies |
| Balance Partners, LLC | Causes of Action Related to Insurance Policies |
| Beazley Insurance Company, Inc. | Causes of Action Related to Insurance Policies |
| Berkshire Hathaway Specialty Insurance | Causes of Action Related to Insurance Policies |
| BlueChip Underwriting Services LLC | Causes of Action Related to Insurance Policies |
| Bristol Tennessee Essential Services | Causes of Action Related to Insurance Policies |
| Bureau of Customs & Border Protection | Causes of Action Related to Insurance Policies |
| Canopius | Causes of Action Related to Insurance Policies |
| CFC Underwriting Limited | Causes of Action Related to Insurance Policies |
| Chubb National Insurance Company (ACE Property & Casualty Insurance Company) | Causes of Action Related to Insurance Policies |
| Colony Insurance Company (Argo Group US, Inc.) | Causes of Action Related to Insurance Policies |

| Name of Counterparty | Nature |
|---|---|
| Columbia Casualty Company | Causes of Action Related to Insurance Policies |
| Commonwealth of Massachusetts | Causes of Action Related to Insurance Policies |
| Continental Casualty Company d/b/a CNA Insurance | Causes of Action Related to Insurance Policies |
| Covington Specialty Insurance Company | Causes of Action Related to Insurance Policies |
| Crum & Forster Insurance Company | Causes of Action Related to Insurance Policies |
| Distinguished Programs Insurance Brokerage, LLC | Causes of Action Related to Insurance Policies |
| Dual Commercial LLC | Causes of Action Related to Insurance Policies |
| Endurance American Specialty Insurance Company (Sompo Holdings Group) | Causes of Action Related to Insurance Policies |
| Ethos Specialty Insurance Services LP | Causes of Action Related to Insurance Policies |
| Euclid Transactional | Causes of Action Related to Insurance Policies |
| Everest Indemnity Insurance Company | Causes of Action Related to Insurance Policies |
| Factory Mutual Insurance Company | Causes of Action Related to Insurance Policies |
| Falcon Risk Holdings, LLC | Causes of Action Related to Insurance Policies |
| Fast Track | Causes of Action Related to Insurance Policies |
| Fusion Specialty Americas Insurance Services LLC | Causes of Action Related to Insurance Policies |
| Great American E&S Insurance Company | Causes of Action Related to Insurance Policies |
| Hastings Tax Underwriters (Cross Channel Insurance Services, LLC) | Causes of Action Related to Insurance Policies |
| HDI Global Specialty SE | Causes of Action Related to Insurance Policies |
| Hiscox Insurance Company Inc. | Causes of Action Related to Insurance Policies |
| Icen Risk Limited | Causes of Action Related to Insurance Policies |
| Illinois Union Insurance Company | Causes of Action Related to Insurance Policies |
| Incline Casualty Company | Causes of Action Related to Insurance Policies |
| Indian Harbor Insurance Company | Causes of Action Related to Insurance Policies |
| Intact Financial Corporation | Causes of Action Related to Insurance Policies |
| Liberty Managing Agency Limited | Causes of Action Related to Insurance Policies |

| Name of Counterparty | Nature |
|---|---|
| Liberty Mutual Insurance Company | Causes of Action Related to Insurance Policies |
| Liberty Surplus Insurance Corporation | Causes of Action Related to Insurance Policies |
| Lloyd's of London | Causes of Action Related to Insurance Policies |
| Markel Group Inc. | Causes of Action Related to Insurance Policies |
| Mission Underwriting UK Ltd (Ignite Specialty Risk) | Causes of Action Related to Insurance Policies |
| Mosaic Americas Insurance Services LLC | Causes of Action Related to Insurance Policies |
| National Fire & Marine Insurance Company (Berkshire Hathaway Group) | Causes of Action Related to Insurance Policies |
| Nationwide Mutual Insurance Company | Causes of Action Related to Insurance Policies |
| North American Capacity Insurance Company | Causes of Action Related to Insurance Policies |
| Odyssey Reinsurance Company | Causes of Action Related to Insurance Policies |
| Old Republic Insurance Company | Causes of Action Related to Insurance Policies |
| Pennsylvania Public Utilities Commission | Causes of Action Related to Insurance Policies |
| QBE Specialty Insurance Company | Causes of Action Related to Insurance Policies |
| Republic -Vanguard Insurance Company | Causes of Action Related to Insurance Policies |
| RP Underwriting, Inc. | Causes of Action Related to Insurance Policies |
| Ryan Transactional Risk | Causes of Action Related to Insurance Policies |
| Sands Point Risk Agency, LLC | Causes of Action Related to Insurance Policies |
| Scottsdale Insurance Company | Causes of Action Related to Insurance Policies |
| Starr Insurance Companies | Causes of Action Related to Insurance Policies |
| Swiss Reinsurance Company Ltd | Causes of Action Related to Insurance Policies |
| The Hartford Insurance Group, Inc. / Hartford Fire Insurance Company | Causes of Action Related to Insurance Policies |
| The Travelers Companies, Inc. | Causes of Action Related to Insurance Policies |
| U.S. Customs & Border Protection | Causes of Action Related to Insurance Policies |
| VALE Insurance Partners | Causes of Action Related to Insurance Policies |
| W. R. Berkley Corporation | Causes of Action Related to Insurance Policies |

| Name of Counterparty | Nature |
|---|---|
| Westfield Insurance Company | Causes of Action Related to Insurance Policies |
| Zurich American Insurance Company | Causes of Action Related to Insurance Policies |

**Exhibit A(ii)**

**Causes of Action Related to Taxing Authorities**

| Name of Counterparty | Nature |
|---|---|
| 12684 Corporation-SOHO Lease | Causes of Action Related to Taxing Authorities |
| Alabama Department of Revenue | Causes of Action Related to Taxing Authorities |
| Alaska Department of Revenue | Causes of Action Related to Taxing Authorities |
| Alaska Remote Seller Sales Tax Commission | Causes of Action Related to Taxing Authorities |
| Arizona Department of Revenue | Causes of Action Related to Taxing Authorities |
| Arkansas Department of Finance and Administration | Causes of Action Related to Taxing Authorities |
| Avenu Tax Remittance Department | Causes of Action Related to Taxing Authorities |
| Baldwin County Revenue Commission | Causes of Action Related to Taxing Authorities |
| Cabell County Sheriff/Treasurer | Causes of Action Related to Taxing Authorities |
| Caddo Parish Sheriff's Office | Causes of Action Related to Taxing Authorities |
| California Department of Tax and Fee Administration | Causes of Action Related to Taxing Authorities |
| City of Atlanta | Causes of Action Related to Taxing Authorities |
| City of Bethlehem - Bureau of Financial Services | Causes of Action Related to Taxing Authorities |
| City of Bethlehem - Tri-State Financial Group | Causes of Action Related to Taxing Authorities |
| City of Birmingham Tax and License Division | Causes of Action Related to Taxing Authorities |
| City of Columbus Income Tax Division | Causes of Action Related to Taxing Authorities |
| City of Donnelly | Causes of Action Related to Taxing Authorities |
| City of Driggs - City Clerk | Causes of Action Related to Taxing Authorities |
| City of Fairfield Income Tax Division | Causes of Action Related to Taxing Authorities |
| City of Greenville | Causes of Action Related to Taxing Authorities |
| City of Jackson | Causes of Action Related to Taxing Authorities |
| City of Ketchum - City Clerk | Causes of Action Related to Taxing Authorities |
| City of Knoxville - Property Tax Office | Causes of Action Related to Taxing Authorities |

| Name of Counterparty | Nature |
|---|---|
| City of Lebanon Income Tax Department | Causes of Action Related to Taxing Authorities |
| City of Little Rock | Causes of Action Related to Taxing Authorities |
| City of McCall | Causes of Action Related to Taxing Authorities |
| City of Monroe Tax Office | Causes of Action Related to Taxing Authorities |
| City of Montgomery License & Revenue Division | Causes of Action Related to Taxing Authorities |
| City of Mountain Brook | Causes of Action Related to Taxing Authorities |
| City of Muscle Shoals -STACS (Tax Collection/Processing) | Causes of Action Related to Taxing Authorities |
| City of New Orleans Bureau of the Treasury | Causes of Action Related to Taxing Authorities |
| City of Pell City | Causes of Action Related to Taxing Authorities |
| City of Piedmont | Causes of Action Related to Taxing Authorities |
| City of Riggins | Causes of Action Related to Taxing Authorities |
| City of Roanoke Treasurer | Causes of Action Related to Taxing Authorities |
| City of Roswell | Causes of Action Related to Taxing Authorities |
| City of Seattle - Dept of Finance & Admin Services | Causes of Action Related to Taxing Authorities |
| City of Shreveport Revenue Division | Causes of Action Related to Taxing Authorities |
| City of St. Louis Collector of Revenue | Causes of Action Related to Taxing Authorities |
| City of St. Matthews | Causes of Action Related to Taxing Authorities |
| City of St. Petersburg | Causes of Action Related to Taxing Authorities |
| City of Stanley | Causes of Action Related to Taxing Authorities |
| City of Sun Valley | Causes of Action Related to Taxing Authorities |
| City of Tacoma Tax and License Division | Causes of Action Related to Taxing Authorities |
| City of Toledo Division of Taxation | Causes of Action Related to Taxing Authorities |
| City of Victor | Causes of Action Related to Taxing Authorities |
| Cobb County Tax Commissioner | Causes of Action Related to Taxing Authorities |
| Colorado Department of Revenue | Causes of Action Related to Taxing Authorities |
| Comptroller of Maryland | Causes of Action Related to Taxing Authorities |

| Name of Counterparty | Nature |
|---|---|
| Connecticut Department of Revenue Services | Causes of Action Related to Taxing Authorities |
| Cullman County | Causes of Action Related to Taxing Authorities |
| Dallas County Tax Office | Causes of Action Related to Taxing Authorities |
| Davidson County | Causes of Action Related to Taxing Authorities |
| DeKalb County Revenue Commissioner | Causes of Action Related to Taxing Authorities |
| Dekalb County Tax Commissioner | Causes of Action Related to Taxing Authorities |
| Delaware Division of Revenue | Causes of Action Related to Taxing Authorities |
| District of Columbia Office of Tax and Revenue | Causes of Action Related to Taxing Authorities |
| Duval County Tax Collector | Causes of Action Related to Taxing Authorities |
| Fairfax County | Causes of Action Related to Taxing Authorities |
| Florida Department of Revenue | Causes of Action Related to Taxing Authorities |
| Fulton County Tax Assessor | Causes of Action Related to Taxing Authorities |
| Fulton County Tax Commissioner | Causes of Action Related to Taxing Authorities |
| Georgia Department of Revenue | Causes of Action Related to Taxing Authorities |
| Government of Puerto Rico - Department of Treasury | Causes of Action Related to Taxing Authorities |
| Hartford Department of Revenue Services | Causes of Action Related to Taxing Authorities |
| Hawaii Department of Taxation | Causes of Action Related to Taxing Authorities |
| Hillsborough County Tax Collector | Causes of Action Related to Taxing Authorities |
| Houston Tax Assessor-Collector | Causes of Action Related to Taxing Authorities |
| Hueytown City Clerk - Revenue Department | Causes of Action Related to Taxing Authorities |
| Idaho State Tax Commission | Causes of Action Related to Taxing Authorities |
| Illinois Department of Revenue | Causes of Action Related to Taxing Authorities |

| Name of Counterparty | Nature |
|---|---|
| Indiana Department of Revenue | Causes of Action Related to Taxing Authorities |
| Internal Revenue Service | Causes of Action Related to Taxing Authorities |
| Iowa Department of Revenue | Causes of Action Related to Taxing Authorities |
| Jackson County Tax Collector | Causes of Action Related to Taxing Authorities |
| Jefferson City Taxation Division | Causes of Action Related to Taxing Authorities |
| Jefferson County Department of Revenue | Causes of Action Related to Taxing Authorities |
| Jefferson County Sheriff's Office | Causes of Action Related to Taxing Authorities |
| Jefferson County Tax Administration | Causes of Action Related to Taxing Authorities |
| Johnson County Tax Assessor-Collector | Causes of Action Related to Taxing Authorities |
| Kansas Department of Revenue | Causes of Action Related to Taxing Authorities |
| Kentucky Department of Revenue | Causes of Action Related to Taxing Authorities |
| Knox County Trustee | Causes of Action Related to Taxing Authorities |
| Louisiana Department of Revenue | Causes of Action Related to Taxing Authorities |
| Louisiana Sales and Use Tax Commission for Remote Sellers | Causes of Action Related to Taxing Authorities |
| Madison County Revenue Commissioner | Causes of Action Related to Taxing Authorities |
| Maine Revenue Services | Causes of Action Related to Taxing Authorities |
| Massachusetts Department of Revenue | Causes of Action Related to Taxing Authorities |
| Mattress Recycling Council | Causes of Action Related to Taxing Authorities |
| Mecklenburg County | Causes of Action Related to Taxing Authorities |
| Michigan Department of Treasury | Causes of Action Related to Taxing Authorities |
| Minnesota Department of Revenue | Causes of Action Related to Taxing Authorities |
| Mississippi Department of Revenue | Causes of Action Related to Taxing Authorities |
| Missouri Department of Revenue | Causes of Action Related to Taxing Authorities |
| Montana Department of Revenue | Causes of Action Related to Taxing Authorities |
| Nebraska Department of Revenue | Causes of Action Related to Taxing Authorities |

| Name of Counterparty | Nature |
|---|---|
| Nevada Department of Taxation | Causes of Action Related to Taxing Authorities |
| New Hampshire Department of Revenue Administration | Causes of Action Related to Taxing Authorities |
| New Hampshire Division of Emergency Services and Communications | Causes of Action Related to Taxing Authorities |
| New Jersey Division of Taxation | Causes of Action Related to Taxing Authorities |
| New Mexico Taxation and Revenue Department | Causes of Action Related to Taxing Authorities |
| New York State Department of Taxation and Finance | Causes of Action Related to Taxing Authorities |
| North Carolina Department of Revenue | Causes of Action Related to Taxing Authorities |
| North Dakota Office of State Tax Commissioner | Causes of Action Related to Taxing Authorities |
| NYC Department of Finance | Causes of Action Related to Taxing Authorities |
| Ohio Department of Taxation | Causes of Action Related to Taxing Authorities |
| Oklahoma Tax Commission | Causes of Action Related to Taxing Authorities |
| Oregon Department of Revenue | Causes of Action Related to Taxing Authorities |
| Pasco County Tax Collector | Causes of Action Related to Taxing Authorities |
| Pennsylvania Department of Revenue | Causes of Action Related to Taxing Authorities |
| Philadelphia Department of Revenue | Causes of Action Related to Taxing Authorities |
| Pinellas County Tax Collector | Causes of Action Related to Taxing Authorities |
| Puerto Rico Department of Finance | Causes of Action Related to Taxing Authorities |
| Rhode Island Division of Taxation | Causes of Action Related to Taxing Authorities |
| San Bernardino County Tax Collector | Causes of Action Related to Taxing Authorities |
| San Francisco Office of the Treasurer & Tax Collector | Causes of Action Related to Taxing Authorities |
| South Carolina Department of Revenue | Causes of Action Related to Taxing Authorities |
| South Dakota Department of Revenue | Causes of Action Related to Taxing Authorities |
| Spokane County Treasurer | Causes of Action Related to Taxing Authorities |
| Sullivan County Trustee | Causes of Action Related to Taxing Authorities |
| Tarrant County | Causes of Action Related to Taxing Authorities |

| Name of Counterparty | Nature |
|---|---|
| Tennessee Department of Revenue | Causes of Action Related to Taxing Authorities |
| Texas Comptroller of Public Accounts | Causes of Action Related to Taxing Authorities |
| Town of Edwardsville | Causes of Action Related to Taxing Authorities |
| Town of Franconia | Causes of Action Related to Taxing Authorities |
| Town of Natick | Causes of Action Related to Taxing Authorities |
| Travis County | Causes of Action Related to Taxing Authorities |
| Tulare County Assessor | Causes of Action Related to Taxing Authorities |
| Tulsa County Treasurer | Causes of Action Related to Taxing Authorities |
| Upper Merion Township | Causes of Action Related to Taxing Authorities |
| Utah State Tax Commission | Causes of Action Related to Taxing Authorities |
| Vermont Department of Taxes | Causes of Action Related to Taxing Authorities |
| Virginia Department of Taxation | Causes of Action Related to Taxing Authorities |
| Wake County Revenue Department | Causes of Action Related to Taxing Authorities |
| Washington State Department of Revenue | Causes of Action Related to Taxing Authorities |
| West Goshen Township | Causes of Action Related to Taxing Authorities |
| West Palm Beach County Collector | Causes of Action Related to Taxing Authorities |
| West Virginia State Tax Department | Causes of Action Related to Taxing Authorities |
| Wisconsin Department of Revenue | Causes of Action Related to Taxing Authorities |
| Wyoming Department of Revenue | Causes of Action Related to Taxing Authorities |

**Exhibit A(iii)**

**Causes of Action Related to Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation and Possible Litigation**

| Debtor | Debtor Position | Caption of Suit / Counterparty | Case Number | Nature |
|---|---|---|---|---|
| HSN, Inc.; HSNi, LLC | Defendant | Amin, Shabana v. Wolfgang Puck, Wolfgang Puck Enterprises, Inc., Wolfgang Puck Worldwide, Inc., W.P. Productions, Inc., W.P. Appliances, Inc., HSN, Inc. fake Home Shopping Network, Inc., HSNi, LLC and HSN Interactive, LLC | 2D2025-0296 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC Group, Inc. | Defendant | Andrew Quinn v. QVC Group, Old World Provisions, et al.<br><br>(Michael Quinn v. QVC filed on this date - Andrew Quinn doesn't appear in the case caption) | 652440/2025 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Andujar v. Instant Brands and QVC | 000284-CV-2024 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC Inc.; HSN, Inc.; Ballard Designs, Inc.; Garnet Hill, Inc.; | Defendant | Adeia –<br><br>Threatened patent infringement claims against QVC, HSN, Ballard Designs, Garnet Hill, and Grandin Road | N/A | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| HSNi, LLC | Defendant | Bali Designs, Inc. v Robert Manse Designs LLC & HSNi, LLC | 3:20-cv-15850-GC-TJB | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Baxter, Bailey & Associates, Inc., (an Assignee of MM Trucking) v. QVC, Inc., North Bay Distribution Inc., et. al. | CL25-07953 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |

| Debtor | Debtor Position | Caption of Suit / Counterparty | Case Number | Nature |
|---|---|---|---|---|
| QVC, Inc. | Defendant | Behun v. QVC et al. | GD-25-010850 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| HSNi, LLC | Defendant | Belin, Kyle v, HSNi, LLC | CIVSB2424446 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc.; HSN, Inc.; Cornerstone Brands, Inc.; FrontGate Marketing, Inc. | Defendant | Boehler, Barbara v. George Bombastic et al. (including QVC, Inc., HSN, Inc, Cornerstone Brands, Inc. and Frontgate Marketing, Inc.) | 2024cv000752 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Camden Grove, LLC v. QVC et al. | CT-5108-24 Div. I | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Caringella, Frank v. QVC | CIVSB2419772 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Charles v. QVC and Spectrum Brands | 2:24-cv-06703-TJS | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Cordova v. QVC, Inc. | 2:25-cv-02704-DJC-JDP | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Deborah LaScala v. QVC and Swagway  LLC | 53613/2017 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Diaz, Natalie v. QVC | CIVSB2425333 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| HSN, Inc. | Defendant | DOJ/JM My Little Steamer – Federal Grand Jury Subpoena | N/A | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| HSN, Inc. | Defendant | "Drip Pricing" Claim | N/A | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| HSN, Inc. | Defendant | Echols, Michele v. Ingenious Designs, LLC and HSN, Inc. | 2:20-cv-02176-SM-DMD | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |

| Debtor | Debtor Position | Caption of Suit / Counterparty | Case Number | Nature |
|---|---|---|---|---|
| QVC, Inc. | Defendant | Facebook Pixel Privacy Claim a.ka. Labaton Mass Arbitration | N/A | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Frank v. QVC et al. | 25TRCV02826 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| HSN, Inc. | Defendant | Gandolfo, Luigi v. Black Wolf OPCO, Inc., dba Black Wolf dba Black Wolf Nation, Allstar Marketing Group, LLC dba Allstar Innovations and HSN, Inc. dba Home Shopping Network | 50-2025-CA-009785-XXXXA-MB | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Gelsinger, Dona v. QVC, Valerie Parr Hill, Hero Creations. | 1:25-cv-06830-VSB-JW | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Goldsmith, Voyice v. QVC, Inc. | CIVSB2319785 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Greaves v. QVC and Pick Five Imports | 1:25-cv-10040-GAO | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| FrontGate Marketing, Inc. | Defendant | Greben, Melanie v. and All Other Persons Similarly Situated vs. Cinram, LLC and Frontgate Marketing, Inc. | 2:24-cv-10140 MRA (BFMx) | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| Cornerstone Shared Services, LLC | Defendant | Green, Camille v. Cornerstone Services, Inc. | 1:20-cv-00706-MWM | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Grooms v. Spectrum Brands and QVC | 3:25-cv-02733-MGL | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Jones, Patrick v. QVC | 2025CV321060593 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Klauber Bros. v. QVC and Blue Puddle Productions | 2:25-cv-11734-AS | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |

| Debtor | Debtor Position | Caption of Suit / Counterparty | Case Number | Nature |
|---|---|---|---|---|
| Qurate Retail Group, Inc. | Defendant | Leslie Maxie v. QVC, Inc. & Qurate Retail, Inc. | 3:25-cv-03024-MAS-JTQ | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| HSNi, LLC | Defendant | LoBello, Teresa v. HSNi, LLC | 8:24-cv-00026 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Luis, Avila Rodriquez v. QVC, Inc, and Does 1 through 20, Inclusive | CIVSB2532964 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Madelyn LaScala v. QVC and Matsunichi USA | 7:25-cv-04303-PMH | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| HSN, Inc. | Defendant | McGonigle, Andrew James v. HSN, Inc. | 8:24-cv-02712 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Moore v. QVC, Inc. | CIVSB2328448 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Ningbo Futai Elec. Ltd. v. QVC | 2:23-cv-01768-KNS | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Noriega v. QVC, Inc. | CIVSB2319032 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC Group, Inc. | Defendant | Ohio Tax Credit Clawback Ohio Department of Taxation | N/A | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Plaintiff | QVC, Inc. v. Anchor Hocking LLC, Ace Hardware Corp., ALDO US, Inc., Centric Accessories Group LLC, American Marketing Enterprises, Inc., Centric Beauty LLC, Briefly Stated, Inc., Centric Denim USA LLC, F&T Apparel LLC, Centric Jewelry, Inc., KHQ Investment LLC, Rosetti Handbags and Accessories Ltd., Centric Socks LLC, VZI Investment Corp., Centric West LLC, Centric- | 20-02274<br><br>21-cv-00052-3JP | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |

| Debtor | Debtor Position | Caption of Suit / Counterparty | Case Number | Nature |
|---|---|---|---|---|
| | | BCBG LLC, Citizen Watch Company of America, Inc., Citizen Watch Company of America, Inc. d/b/a/ Bulova, Columbia Brands USA LLC, prAna Living, LLC, Conair Corp., Costco Wholesale Corp., CVS Pharmacy, Inc., Euromarket Design, Inc. dba Crate and Barrel, CB2, H&M Hennes and Mauritz LP dba H&M, Hanesbrands, Inc., Alternative Apparel, Inc., GFSI Holdings LLC, Hobby Lobby Stores, Inc., IKEA Supply A.G., Kohl's, Inc. (f/k/a Kohl's Department Stores, Inc.), Konica Minolta Business Solutions U.S.A., Inc., VF Jeanswear Limited Partnership, Leviton Manufacturing Co., Inc., Logitech, Inc., Sunbeam Products, Inc., Sunbeam Latin America, Graco Children's Products, Inc., Rubbermaid Commercial Products LLC, Rubbermaid Commercial Products LLC dba Newell Rubbermaid Consumer, Rubbermaid, Inc., Rubbermaid, Inc. dba Jarden Home Brands, Rubbermaid Inc. dba Newell Rubbermaid Consumer, The Yankee Candle Company, Inc., The Yankee Candle Company, Inc. dba Smith Mountain Industries, The Yankee Candle Company, Inc. dba Pacific Trading International, The | | |

| Debtor | Debtor Position | Caption of Suit / Counterparty | Case Number | Nature |
|---|---|---|---|---|
| | | Yankee Candle Company, Inc. dba Chesapeake Bay Candle, The Coleman Company, Inc., The Coleman Company, Inc. dba Ignite USA LLC, Marmot Mountain LLC, Marmot Mountain LLC dba ExOfficio, BRK Brands, Inc., Sanford, L.P., Puma North America, Inc., PVH Corp., PVH Neckwear, Inc., Garnet Hill, Inc., Cinmar LLC, Ballard Designs, Inc., Zulily LLC, HSN, Inc., QVC, Inc., Recreational Equipment, Inc., Simplehuman LLC, Spirit LLC, Totes Isotoner Corp., True Value Company L.L.C., Vera Bradley, Inc., Grainger International, Inc., Imperial Supplies LLC, Transform SR Holding Management LLC, Monogram Refrigeration LLC, Roper Corp., Haier Appliance Parts LLC, Haier Appliances Caribbean and Co., Haier US Appliance Solutions, Inc., Mellanox Technologies, Inc., Vicor Corp., Clark Equipment Company, Cray, Inc., Elkay Interior Systems, Inc., Elkay Manufacturing Co., Elkay Ohio Plumbing Products Co., Hewlett Packard Enterprise Co., L'Oreal Travel Retail Americas, Inc., Lutron Electronics Co., Inc., Macy's Merchandising Group, Inc., 5th & Ocean Clothing LLC, New Era Cap | | |

| Debtor | Debtor Position | Caption of Suit / Counterparty | Case Number | Nature |
|---|---|---|---|---|
| | | Co., Inc., New Era U.S. Retail LLC, Pacific Coast Lighting, Inc., Rawlings Sporting Goods Co., Inc., eBags LLC, Samsonite LLC, Speculative Products Design LLC, Tumi, Inc., Athleta, Inc., Banana Republic LLC, Intermix Holdco, Inc., Janie and Jack LLC, Old Navy LLC, The Gap, Inc., Big Heart Pet Brands, Inc., J.M. Smucker LLC, JMS Foodservice LLC, Rowland Coffee Roasters, Inc., Smucker Manufacturing, Inc., The J.M. Smucker Company, Kipling Retail LLC, VF Outdoor LLC also dba Vans, Timberland, Altra, The North Face, Icebreaker, Smartwool, Williamson-Dickie, Kipling, Jansport, Terra, Dickies (Footwear), Kodiak, and Eagle Creek, Williamson-Dickie Manufacturing Co., Zwilling J.A. Henckels LLC, PACCAR Engine Company, and PACCAR, Inc. v. United States of America;  Office of the United States Trade Representative;  Robert E. Lighthizer, U.S. Trade Representative;  U.S. Customs and Border Protection;  Mark A. Morgan, U.S. Customs & Border Protection Acting Commissioner | | |
| QVC, Inc. | Plaintiff | QVC v. Islick Trading LLC | Civil No. 25-961 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |

| Debtor | Debtor Position | Caption of Suit / Counterparty | Case Number | Nature |
|---|---|---|---|---|
| QVC, Inc.; Cornerstone Brands, Inc. | Plaintiff | QVC, Inc. and Cornerstone Brands v. Ocean Network Express | 25-09 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| Cinmar, LLC; FrontGate Marketing, Inc. | Defendant | Ramtahal, Horace v. Cinmar, LLC and Frontgate Marketing, Inc. | 24-CA-006229 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| HSN, Inc. | Defendant | Redifer v. HSN | 1:25-cv-01727-CAB | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc.; Qurate Retail Group, Inc. | Defendant | Richardson, Leslie v. QVC, Inc. And Qurate Retail Group | CIVSB2330562 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| FrontGate Marketing, Inc. | Defendant | Richey, Helen v. Frontgate Marketing, Inc. Et al. | 25-C-01492-S6 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Robert L. Pryor, as bankruptcy trustee for Iconic Brands, Inc. v. QVC | 8-23-73829-ast | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Robinson, Maria v. QVC, Inc. And Does 1-10 | CIVSB2531840 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Rothy's, Inc. v. MIA Shoes, Inc. & QVC, Inc., et al. | 1:24-cv-00859-GBW | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC Group, Inc. Cinmar, LLC; FrontGate Marketing, Inc. | Defendant | Scott, Anna Newton and Donald v. Ryan New Berry, QVC Group, Inc., Cinmar, Grandin Road, Frontgate | 49D03-2505-CT-025436 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Speed, Brandie v. QVC, Inc. | 25STCV13566 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Stony Battery Road Property Owner LLC v. QVC | 5:23-cv-00518-JMG | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |

| Debtor | Debtor Position | Caption of Suit / Counterparty | Case Number | Nature |
|---|---|---|---|---|
| Cinmar, LLC; FrontGate Marketing, Inc. | Defendant | Sud v. Cinmar, LLC and Frontgate Marketing, Inc. | 25-2-22196-2 SEA | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Tellis v. QVC and Spectrum Brands | 2:25-cv-00614-APG-EJY | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Temp-tations Oven Gloves US Consumer Product Safety Commission | N/A | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| Cinmar, LLC; FrontGate Marketing, Inc. | Defendant | Tsuen Jer Enterprise Co., Ltd v. Cinmar, LLC d.b.a. Frontgate | 1:24-cv-03577-NRM-JAM | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |
| QVC, Inc. | Defendant | Woodall, Eugene (Ricky) v. QVC, Inc. DSI Security Services, Carlos Sallazar, Stephanas White, Shelia Wilkins, Carl Olton, and Does 1 through 50, Inclusive | CIVSB2532116 | Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation |

**Exhibit B**

**Rejected Executory Contracts and Unexpired Leases List**

On the Effective Date, all Executory Contracts and Unexpired Leases that are not otherwise rejected shall be deemed assumed by the applicable Reorganized Debtor with the consent of the Required Consenting Senior Creditors, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, as of the Effective Date under sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease was (a) previously assumed, amended and assumed, assumed and assigned, or rejected by the applicable Debtors; (b) previously expired or terminated pursuant to its own terms; or (c) is the subject of a motion to reject such executory contract or unexpired lease that is pending on the Effective Date; or (d) is identified on the Rejected Executory Contracts and Unexpired Leases List; *provided* that neither the Restructuring Transactions or any actions contemplated by the Plan shall be deemed a "change of control" or other acceleration event for purposes of any Executory Contract or Unexpired Lease of the Debtors.

Entry of the Confirmation Order shall constitute an order of the Bankruptcy Court approving the assumptions, assumptions and assignments, or rejections of the Executory Contracts or Unexpired Leases as set forth in the Plan, or the Rejected Executory Contracts and Unexpired Leases List, as applicable, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Except as otherwise specifically set forth herein, assumptions or rejections of Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date.  Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall revest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption.  Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by the Reorganized Debtors.

The Debtors have included herein a schedule of Executory Contracts and Unexpired Leases that they intend to reject as of the Effective Date.  The Debtors reserve all rights, with the consent of any applicable counterparties to the extent required under the Plan, to amend, revise, or supplement this **Exhibit B** and any of the designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.  The Rejected Executory Contracts and Unexpired Leases List is as follows:

None.

**Exhibit C**

**Restructuring Steps Plan**

**Restructuring Steps Plan**

This Restructuring Steps Plan sets forth a summary description of certain of the proposed Restructuring Transactions to be effected in connection with the consummation of the transactions contemplated by the *Joint Prepackaged Plan of Reorganization of QVC Group, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 15] (as amended, supplemented, or modified from time to time in accordance with its terms, the "Plan").

The Restructuring Transactions remain under discussion among each of the Debtors and between the Debtors and other parties. Subject to the applicable consent rights contained in the RSA and the Plan, each of the Debtors reserves all rights to modify, amend, supplement, or restate any part of this Restructuring Steps Plan as necessary or appropriate. Moreover, the list of steps in this Restructuring Steps Plan is not necessarily comprehensive. Capitalized terms used but not defined herein shall have the definitions set forth in the Plan.

The definitive documentation necessary or appropriate to implement these transactions may include, among other things and without limitation, merger, purchase, sale, assignment, transfer, novation, release, amendment, distribution and/or contribution agreements.

To the extent there is any inconsistency between this document and the Plan, the Plan shall govern. The Confirmation Order shall be deemed to authorize all actions as may be necessary or appropriate to effect any transaction described in, contemplated by, or necessary to effectuate the Plan and this Restructuring Steps Plan. The Debtors currently anticipate that the Restructuring Transactions will occur pursuant to the following steps and in the following order, which may be subject to further changes.

**Prior to the Effective Date:**

**Step A**: QVCG and LINTA transfer the stock of CBI to Liberty QVC Holding, LLC, a Delaware limited liability company ("Liberty QVC Holding"); provided, that QVCG and LINTA may instead cause CBI to transfer the stock of Cornerstone Brands, Inc. to Liberty QVC Holding (any stock contributed to Liberty QVC Holding in this Step A, the "Cornerstone Stock").[1]

**Step B**: Liberty QVC Holding transfers the Cornerstone Stock to Qurate Retail Group, Inc., a Delaware corporation ("Qurate Retail Group").

**Step C**: Qurate Retail Group transfers the Cornerstone Stock to QVC.

**Step D**: LINTA transfers its interests in all entities listed on Schedule A (as such schedule may, upon the request of QVC, be modified or supplemented from time to time prior to the dissolution of LINTA, the "Investment Entities") to Liberty QVC Holding.

---

[1]     This Step A is subject to resolution on the CBI Debtors.

**Step E**: Liberty QVC Holding transfers its interest in the Investment Entities to Qurate Retail Group.

**Step F**: Qurate Retail Group transfers its interest in the Investment Entities to QVC.

**On the Effective Date (unless otherwise specified in the Plan):**

**Step 1**: QVCG, QVC, LINTA and certain other entities shall enter into that certain Tax Matters Agreement.

**Step 2**: Certain subsidiaries of QVC domiciled in (a) Japan, (b) Germany, (c) the United Kingdom, (d) Poland, and (e) Italy shall distribute and/or loan (and QVC shall cause to be distributed and/or loaned) Cash up to QVC (directly or indirectly through intervening entities, as applicable).[2]

**Step 3**: The QVCG Distributable Cash shall be transferred to QVC.

**Step 4**: All Intercompany Claims by and among QVC and its domestic direct and indirect subsidiaries, other than any such domestic Intercompany Claims specified by the Debtors in their books and records, shall be cancelled or otherwise eliminated.

**Step 5**: All Interests (directly or indirectly) held by any LINTA Debtor in any QVC Debtor shall be cancelled, released, discharged, and extinguished and will be of no further force or effect.

**Step 6a**: QVCG shall distribute to each Holder of Claims against QVCG such Holder's recovery, and QVCG shall make any other payments, reserves and distributions as provided for in the Plan.

**Step 6b**: The LINTA Debtors shall distribute to each Holder of Claims against the LINTA Debtors such Holder's recovery, and the LINTA Debtors shall make such other payments, reserves and distributions as provided for in the Plan.

**Step 6c**: The QVC Debtors shall distribute to each Holder of Claims against the QVC Debtors such Holder's recovery, and the QVC Debtors shall make such other payments, reserves and distributions as provided for in the Plan.

**As soon as reasonably practicable following the Effective Date:**

**Step 7**: Reorganized QVCG shall transfer all remaining cash to Reorganized QVC, in accordance with the Plan, including any cash that becomes QVCG Distributable Cash as of such time.

**Step 8**: Reorganized QVCG and the Reorganized LINTA Debtors shall be disposed of, dissolved, wound down, or liquidated.

---

[2]     Subject to further analysis regarding the best approach for repatriating foreign cash.

*General Authority With Respect to Intercompany Claims and Other Restructuring Transactions*:

In addition to the authorization provided with respect to this Restructuring Steps Plan, at any point following the entry of the Confirmation Order, and subject in all respects to the terms and conditions of that certain Tax Matters Agreement to be entered into by and among QVCG, LINTA, QVC, and CBI, the Debtors or the Reorganized Debtors, as applicable, and to the extent consistent with the Intercompany Settlement, may, but will not be required to, (i) merge out of existence, liquidate, dissolve, convert into different entity forms, and/or make tax elections with respect to QVCG and any other direct or indirect subsidiaries of QVCG; (ii) with respect to any Debtor or Reorganized Debtor, set off, settle, distribute, contribute, cancel, or release without any distribution of any Intercompany Claims owed to such Debtor or Reorganized Debtor; (iii) with respect to any Debtor or Reorganized Debtor, cancel, release or reinstate any Intercompany Interests held by such Debtor or Reorganized Debtor; (iv) solely within the applicable Debtor Group[3] (i.e., among the LINTA Debtors, QVC Debtors, or the CBI Debtors, as applicable), transfer assets, rights, obligations, personnel, and similar items; and (v) with respect to any Debtor or Reorganized Debtor, settle and Allow any Claims against such Debtor or Reorganized Debtor, *provided* that QVCG shall provide reasonable advance notice to QVC prior to the settlement or Allowance of any Claims against QVCG (including (1) Administrative Claims (other than Professional Fee Claims and QVC Restructuring Expenses), (2) Other Priority Claims, (3) Other Secured Claims, and (4) General Unsecured Claims), and if QVC objects to such settlement or Allowance then such settlement or Allowance shall require approval of the Bankruptcy Court.

---

[3]   For these purposes, "Debtor Group" means (i) with respect to any of the LINTA Debtors (either individually or collectively), solely the LINTA Debtors; (ii) with respect to any of the QVC Debtors (either individually or collectively), solely the QVC Debtors; and (iii) with respect to any of the CBI Debtors (either individually or collectively), solely the CBI Debtors.

3

## Schedule A

Liberty Solar Energy, LLC

Liberty USA Holdings, LLC

Liberty Quid, LLC

LIC Britco, LLC

LIC Israel Investment, LLC

Liberty Acorns, LLC

LIC Sound, LLC