United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| QVC GROUP, INC., *et al.*,[1] | ) | Case No. 26-90447 (ARP) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER**

This Stipulated Confidentiality Agreement and Protective Order ("Order") is entered into by and among: (a) the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"); (b) certain of the Debtors' creditors and other constituents as specified in the signature pages of this Order; (c) the Official Committee of Unsecured Creditors; (d) the ad hoc group of QVCGP Preferred Stockholders; and (e) all parties that are participating in these Chapter 11 Cases who agree to become bound by this Order by signing a Declaration in the form provided as **Exhibit A**.  Each of the persons or entities identified in the foregoing clauses (a) through (e) shall be referred to herein individually as a "Party," and, collectively, as the "Parties."

The Parties, by and through their respective attorneys of record and subject to approval of the United States Bankruptcy Court for the Southern District of Texas (the "Court") have agreed to entry of this Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed solicitation agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

Bankruptcy Court for the Southern District of Texas (the "<u>Local Rules</u>"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>").

**<u>Recitals</u>**

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings and other disputes arising in or under, or related to, the Chapter 11 Cases and pending in or subject to the jurisdiction of this Court (each a "<u>Dispute</u>" and, collectively, the "<u>Disputes</u>");

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, deposition notices, and other discovery requests (collectively "<u>Discovery Requests</u>") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules; and

WHEREAS, certain persons or entities other than the Parties hereto[2] may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Cases.

**<u>Stipulation and Agreed Order</u>**

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over

---

[2]    References to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," are for purposes of this Order only.  They are not intended to reflect any agreement as to whether any "Party" is or will become a "party," or any "non-Party" will not be or become a "party," in any case or other proceeding, or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

2

confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.      The Parties hereby submit this Order to the Court for approval.  The Parties shall abide by and be bound by the terms of this Order, even if this Order is not entered by the Court for any reason, unless the Court determines otherwise.

2.      Unless otherwise agreed to by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Bankruptcy Rules.

### Scope of Order

3.      This Order applies to all information, documents and things exchanged in, or subject to, discovery in connection with these Chapter 11 Cases or the Disputes, either by a Party or a non-Party (each a "Producing Party") to any Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interviews, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, data, information and things produced, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively, "Discovery Material").

4.      This Order does not affect, amend, or modify any existing confidentiality arrangements, agreements, non-disclosure agreements, intercreditor agreements, or prior court orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights or excuse any obligations under such agreements or orders.

5.      Discovery Material, or information derived therefrom, will be used solely in connection with the Chapter 11 Cases or Disputes and will not be used in any other proceedings for any purpose, except as may be provided in paragraphs 13 through 15 below; *provided, however,*

3

4935-7969-6300

that nothing herein will preclude or otherwise prevent any person who receives and/or reviews Discovery Material from participating in any other proceeding.

6.      Any non-Party who is participating in these Chapter 11 Cases and whose outside counsel executes and delivers to the Parties a Declaration in the form provided as **Exhibit A** hereto shall become and be treated as a Party to this Stipulation with all rights and obligations of the signatory Parties hereto, and their outside counsel shall be permitted to review Confidential Material and Highly Confidential Material as set forth in paragraphs 14 and 15 of this Order.

7.      This Order applies to such non-Parties that are served with subpoenas or who otherwise produce information, documents, or things, or are noticed for depositions with respect to the Chapter 11 Cases or Disputes, and all such non-Parties are entitled to the protections and subject to the obligations set forth in this Order upon signing a Declaration in the form provided as **Exhibit A** and agreeing to be bound by the terms of this Order.

8.      Any Party or its counsel serving a subpoena, that requires the production of documents or testimony, upon a non-Party shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she, or it may designate documents or testimony in the Chapter 11 Cases according to the provisions herein upon executing and delivering to the Parties a Declaration in the form provided as **Exhibit A**.  In the event a non-Party has already been served with a subpoena or other discovery request at the time this Order is entered by the Court, the serving Party or its counsel shall provide the service and notice of this Order required by the preceding sentence within ten (10) days after entry of this Order.

### Designating Discovery Material

9.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material collectively, "Designated Material") in accordance with the following provisions:

4935-7969-6300

(a) <u>Confidential Material</u>:  A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or includes information that: has not been made public and that the Producing Party would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) or Bankruptcy Rules 7026 or 9018 or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third-party to treat as confidential or (B) has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party reasonably considers such material to contain nonpublic information that is confidential, personal or proprietary to such Party or non-Party.

(b) <u>Highly Confidential Material</u>:  A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith (or, with respect to documents received from another person, has been reasonably advised by such other person) that the Discovery Material constitutes or includes Highly Confidential Discovery Material (as hereby defined) that is such a nature that a risk of competitive or other significant injury would be created if the Discovery Material were disclosed to persons other than those identified in Paragraph 14 of this Order, including but not limited to certain trade secrets or sensitive financial, personal or business information, including such material prepared by industry professionals, advisors, financial advisors, accounting advisors, attorneys, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Chapter 11 Cases, and only to the extent that the Producing Party believes in good faith that such material is of such a nature that "Highly Confidential" treatment is warranted. Any model used by a testifying industry expert in connection with preparing an opinion or underlying that opinion that has been customized by the expert or is not commercially available may be produced as "Highly Confidential."

(c) <u>Undesignated Material</u>: Subject to the rights and obligations of the Parties under Paragraphs 11, 12, 24, and 29 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("<u>Undesignated Material</u>").

10. <u>Manner of Designation</u>:  Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking every page "Confidential" or "Highly Confidential" as applicable.  The markings should not obscure the content of the material

4935-7969-6300

that is produced.  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of the material that the material is "Confidential" or "Highly Confidential." Where Designated Material is produced in the form of a written response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may designate such material by imprinting "Confidential" or "Highly Confidential" as applicable on the first page of the written response.

11.     Late Designation of Discovery Material:  The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later modify any designation pursuant to this Order ("Misdesignated Material").  Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

4935-7969-6300

**Use and Disclosure of Confidential or Highly Confidential Material**

12.     General Limitations On Use And Disclosure Of All Designated Material:  Except as set forth in paragraph 33, unless otherwise agreed to by the Producing Party or ordered by the Court, all Designated Material shall be used by the Receiving Parties solely for the purposes of the Chapter 11 Cases or Disputes and not for any other purpose, including any business, competitive, governmental, commercial, other litigation or judicial proceedings, or administrative purpose or function.

13.     Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

(a)     the Parties (including their respective members, managers, partners, directors, officers, employees, counsel, and agents), in each case only as required to assist with or make decisions with respect to the Chapter 11 Cases or a Dispute; and

(b)     any other persons specified in Paragraph 145 below.

14.     Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

(a)     outside counsel, and in-house counsel only to the extent they are directly responsible for overseeing or assisting with the Chapter 11 Cases, representing the Parties in these Chapter 11 Cases or a Dispute;

(b)     professionals retained under 11 U.S.C. §§ 327 or 328, or other professionals, industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Parties in connection with the Chapter 11 Cases or a Dispute, in each case only as necessary to assist with or make decisions with respect to the Chapter 11 Cases or a Dispute, and provided such entities or individuals become bound by this Order by signifying their assent through execution of a Declaration in the form provided as **Exhibit A** hereto;

(c)     any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

7

4935-7969-6300

(d)     court reporters, stenographers, or videographers who record testimony in connection with the Chapter 11 Cases or a Dispute;

(e)     the Court, its officers and clerical staff in any judicial proceeding that may result from the Chapter 11 Cases or a Dispute;

(f)     witnesses being questioned, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of the Disputes, provided that the witness has signed or agreed on the record to sign a Declaration in the form provided as **Exhibit A** hereto. Those witnesses or deponents who are shown Confidential or Highly Confidential Material shall not be allowed to retain copies unless such witness or deponent is otherwise entitled to retain copies pursuant to this Order;

(g)     support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any person bound by this Order—in each case, only as required to assist such person with respect to the Chapter 11 Cases or a Dispute;

(h)     outside photocopying, graphic production, or litigation support services, as necessary for use in connection with the Chapter 11 Cases or a Dispute; and

(i)     any other person or entity with respect to whom the Producing Party may consent in writing (email to suffice), provided such person or entity agrees to be bound by this Order by signifying their assent through execution of a Declaration in the form provided as **Exhibit A** hereto.

15.     <u>Sealing of Designated Material Filed With Or Submitted To the Court</u>:  Unless otherwise agreed by the Producing Party or ordered by a court of competent jurisdiction, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose, quote or reference Designated Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules, with a version of the filing redacting or omitting the Designated Material filed publicly by the next day. The Court's approval and entry of this Order shall constitute authority for the Parties or a non-party to file Designated Material under seal without the filing of a separate motion under the Federal Rules, the Bankruptcy Rules, and the Local Rules.  Parties or non-parties filing Designated Material under

seal pursuant to this Order shall reference this Order in the pleading or motion accompanying such Designated Material.

16.     Use of Discovery Material in Open Court:  Counsel for any Party or non-Party shall confer on such procedures as are necessary to protect the confidentiality of Designated Material or used in the course of any Court proceeding, and in the event counsel cannot agree on such procedures, the Producing Party bears the burden of requesting relief from the Court on an expedited basis.

**Depositions**

17.     Deposition Testimony—Manner of Designation:  In the case of depositions, if counsel for a Party or a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be so designated, as appropriate, by:

> (a)     stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony be so designated; or

> (b)     providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) or entirety of such transcript or video of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days, unless a shorter time is otherwise agreed by the Parties in connection with a specific deposition.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of or the entire transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 20 below.  Until expiration of the aforesaid seven (7), three (3) day, or shorter period following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise agreed on the record at the deposition.

18.     Designated Material Used as Exhibits During Depositions: Nothing in Paragraph 17 shall apply to or affect the confidentiality designations of Discovery Material entered as exhibits at depositions.

4935-7969-6300

19.     <u>Witness Review of Deposition Testimony</u>:  Nothing in Paragraphs 17 or 18 shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits. Designated Material shall not lose its confidentiality status as a result of being marked as a deposition exhibit.

20.     <u>Presence of Certain Persons During Portions of Depositions Involving Designated Materials</u>:  When Designated Material is shown during a deposition, testimony about Designated Material is elicited during a deposition, or testimony that a Party believes should be treated as Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

21.     <u>Responsibilities and Obligations of Court Reporters</u>:  In the event that testimony is designated as Confidential or Highly Confidential, the court reporter shall be instructed to include on the cover page of each such transcript the legend:  "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."  Each page of the transcript also shall include the legend "Confidential" or "Highly Confidential," as appropriate.  If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

### General Provisions

22.     <u>General Limitations</u>: This Order is a procedural device intended to protect Discovery Material designated as Confidential or Highly Confidential.  Nothing in this Order shall

4935-7969-6300

affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

23. <u>No Waiver</u>: Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including but not limited to any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

24. <u>Unauthorized Disclosure of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, including inadvertent disclosure by means of cybersecurity breach, unauthorized access to the Receiving Party's data, or otherwise, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (a) within ten (10) days, notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order, (b) immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further review, dissemination, or use by the person or entity to whom the disclosure was made, and (c) immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further review, dissemination, or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

4935-7969-6300

25.     Manner of Objecting to Designated Material:  If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  If within three (3) days after receipt of an objection in writing, the Producing Party does not agree to change the designation of the Designated Material, the Receiving Party may seek relief from the Court.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party.  Upon a motion, the burden to establish the confidentiality of the Designated Material shall be on the Producing Party and the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order.  Notwithstanding the foregoing, circumstances may exist which require a party to seek Court authority to remove the "Confidential" or "Highly Confidential" designation of Designated Material on a more expedited basis.  In such a circumstance, the moving party will provide advance notice to the Producing Party.

26.     Timing of Objections to Designated Material:  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Receiving Party to challenge the designation by a Producing Party of Discovery Material as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at any subsequent time, including at an evidentiary hearing or trial.

27.     Production of Privileged Discovery Material:  This Order is made consistent with Rule 502(d) of the Federal Rules of Evidence and shall be interpreted to provide the maximum protection allowed by Rule 502(d). Production of any Discovery Material, inadvertent or otherwise,

4935-7969-6300

which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Unintentionally Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege. Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party or non-Party) that it has produced Unintentionally Produced Privileged Information, the Producing Party shall request the return of such Unintentionally Produced Privileged Information by identifying in writing the Discovery Material produced and the basis for withholding such Discovery Material from production. If a Producing Party requests the return of Unintentionally Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Unintentionally Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefore in writing within five (5) days of receipt of the Producing Party's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies. The Producing Party must preserve the Unintentionally Produced Privileged Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Unintentionally Produced Privileged Information for any purpose until the dispute is resolved. Rule 502(b) of the Federal Rules of Evidence does not apply, to the extent it is inconsistent with Paragraph 28 of this Order.

28.     Use of Non-Confidential Material:  To the extent that any Receiving Party has documents or information that (a) were already in its possession or publicly available at the time the same document or information is received from a Producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (b)

13

4935-7969-6300

are received or become available to a Receiving Party on a non-confidential basis, not in violation of an obligation of confidentiality to any other person; (c) were independently developed by such Receiving Party without violating its obligations hereunder; or (d) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person (collectively, "Non-Confidential Material"), nothing in this Order shall limit a Receiving Party's ability to use Non-Confidential Material in a deposition, hearing, trial or otherwise in connection with the Chapter 11 Cases or Disputes.  Nothing in this Order shall affect the obligation of any Receiving Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to the Chapter 11 Cases.

29.     Obligations Following Conclusion of the Chapter 11 Cases:  Within ninety (90) days of the final resolution of the Chapter 11 Cases and Disputes, including all appeals as to all Parties, unless otherwise agreed to by the Parties or ordered by a court, all Parties and non-Parties shall take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that: (a) counsel may retain for its records their work product; a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, expert reports; and exhibits introduced at any hearing or trial; and (b) a Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on or saved to dormant electronic management and dormant communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that (i) such Discovery Material will continue to be treated as consistent with the provisions in this Order, (ii) the Receiving Party shall not intentionally access such Discovery Material, and (iii) in the event such Discovery Material is restored or becomes accessible in the

4935-7969-6300

ordinary course of business, the Receiving Party shall promptly notify the Producing Party and shall return or destroy such Discovery Material in accordance with this paragraph. If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

30.     Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order: The provisions of this Order shall survive any conversion to a liquidation under chapter 7 of the Bankruptcy Code and shall bind any successors to the Debtors, including but not limited to a chapter 7 trustee, and any successors to the Parties. The provisions of this Order shall also survive the final termination of the Disputes or the Chapter 11 Cases and the Debtors' emergence from bankruptcy for any retained Designated Material. The final termination of the Disputes or these Chapter 11 Cases or the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce this Order.

31.     Amendment of Confidentiality Agreement and Stipulated Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

32.     Disclosure of Designated Material in Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal or regulatory process or demand seeking the disclosure of a Producing Party's Designated Material (a) shall notify the Producing Party within

15

seven (7) business days of receipt of such process or demand (unless such notice is prohibited by applicable law) and provide that Producing Party with an opportunity to appear and be heard on whether that information should be disclosed, and (b) in the absence of a court order preventing such disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed, shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information, and, if the information is to be filed, shall only file the Designated Material under seal so that it can only be accessed by the Court and the parties to the litigation (unless such filing is expressly prohibited by applicable law or Court order). At or before the time of production of the Designated Material, the Receiving Party shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

33. <u>Use of Designated Material by Producing Party</u>:  Nothing in this Order affects the right of any Producing Party to use or disclose its own Designated Material in any way. Subject to paragraph 29, such disclosure will not waive the protections of this Order and will not entitle other Parties, non-Parties, or their attorneys to use or disclose such Designated Material in violation of this Order.

34. <u>Restrictions on Use of Artificial Intelligence and Automated Processing Tools</u>: No Receiving Party, including any person or entity authorized to view Designated Material under Paragraphs 14 and 15, shall input, upload, submit, or otherwise make available any Designated Material, or any portion thereof or information derived therefrom, to any generative artificial intelligence tool, large language model, machine learning system, or other automated data processing technology (each, an "<u>AI Tool</u>"), except for an AI Tool which (i) operates within a secure, contained environment that does not retain, store, or make accessible any Designated

16

Material to the provider or any third party beyond the user's session, (ii) does not use any Designated Material as training data, and (iii) maintains security safeguards no less protective than those required by this Order. No Designated Material shall be input into any publicly available or consumer-grade AI Tool under any circumstances. The Receiving Party represents that prior to any permitted use, the Receiving Party shall conduct a reasonable assessment of the AI Tool's data handling and security practices. Any violation of this paragraph shall constitute an unauthorized disclosure under Paragraph 25 of this Order, and the Producing Party may seek injunctive relief, sanctions, or other remedies available under this Order or applicable law.

35.     Obligations of Parties:  Nothing herein shall relieve a Party of its obligations under the Federal Rules, the Bankruptcy Rules, the Federal Rules of Evidence, the Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with the Chapter 11 Cases or Disputes.

36.     Advice of Counsel:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Chapter 11 Cases or Disputes and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

37.     Material Non-Public Information:  Any Receiving Party acknowledges that, by receiving Designated Material, it may be receiving material non-public information about companies that issue securities and that the determination as to whether it has received material non-public information shall be the sole responsibility of such Receiving Party.  For the avoidance of doubt, the Producing Party is under no obligation to designate or mark, or cause to be designated

17

or marked, any Designated Material that may be determined to constitute material non-public information.

38.     Entire Agreement:  This Order constitutes the entire agreement among the Parties pertaining to the use and disclosure of Discovery Material in connection with the Chapter 11 Cases and Disputes and supersedes prior agreements and understandings pertaining to that subject matter, it being understood that any restrictions, limitations, or protections concerning confidentiality or non-disclosure in a prior written agreement shall continue to be in full force and effect, notwithstanding the terms of this Order.

39.     Enforcement:  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

40.     Notice:  When notice is permitted or required by the provisions hereof, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding addresses or email addresses indicated below, or to counsel for any non-Party receiving such notice.  Notice shall be delivered by first-class mail, Federal Express (or an equivalent delivery service), hand delivery, or email, and shall be effective upon receipt.

**IT IS SO ORDERED.**

 Signed: May 16, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge

18

4935-7969-6300

**STIPULATED AND AGREED TO BY:**

Dated: May 15, 2026

By: /s/ *Jason S. Brookner*

**GRAY REED**
Jason S. Brookner (TX Bar No. 24033684)
Lydia R. Webb (TX Bar No. 24083758)
Emily F. Shanks (TX Bar No. 24110350)
1300 Post Oak Blvd.
Suite 2000
Houston, Texas 77056
Telephone:      (713) 986-7000
Facsimile:      (713) 986-7100
Email:          jbrookner@grayreed.com
                lwebb@grayreed.com
                eshanks@grayreed.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                aparna.yenamandra@kirkland.com

- and -

Chad J. Husnick, P.C. (admitted *pro hac vice*)
Gabriela Zamfir Hensley (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          chad.husnick@kirkland.com
                gabriela.hensley@kirkland.com

- and –

Mark McKane, P.C. (admitted *pro hac vice*)
Michael P. Esser (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:      (415) 439-1400
Facsimile:      (415) 439-1500
Email:          mark.mckane@kirkland.com
                Michael.esser@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

19

Dated: May 15, 2026        By:    /s/ *Brad M. Kahn*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Philip C. Dublin (admitted *pro hac vice*)
Brad M. Kahn (admitted *pro hac vice*)
Avi E. Luft (admitted *pro hac vice*)
One Bryant Park
Bank of America Tower
New York, NY 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002
Email:       pdublin@akingump.com
               bkahn@akingump.com
               aluft@akingump.com

- and -

Marty L. Brimmage (TX Bar No. 00793386)
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone:    (214) 969-2800
Facsimile:    (214) 969-4343
Email:       mbrimmage@akingump.com

*Counsel for the LINTA Noteholder Group*

20

4935-7969-6300

Dated: May 15, 2026   By: */s/ Elliot Moskowitz*
             Damian S. Schaible (admitted *pro hac vice*)
             Elliot Moskowitz (New York Bar No. 4039160)
             Angela M. Libby (admitted *pro hac vice*)
             Aryeh Ethan Falk (admitted *pro hac vice*)
             Helen (Muhan) Zhang (admitted *pro hac vice*)
             **DAVIS POLK & WARDWELL LLP**
             450 Lexington Avenue
             New York, New York 10017
             Telephone: (212) 450-4000
             Email:  damian.schaible@davispolk.com
             Email:  elliot.moskowitz@davispolk.com
             Email:  angela.libby@davispolk.com
             Email:  aryeh.falk@davispolk.com
             Email:  helen.zhang@davispolk.com

             -and-

             John F. Higgins (Texas Bar No. 09597500)
             M. Shane Johnson (Texas Bar No. 24083263)
             **PORTER HEDGES LLP**
             1000 Main Street, 36th Floor
             Houston, Texas 77002
             Telephone: (713) 226-6000
             Email:  jhiggins@porterhedges.com
             Email:  sjohnson@porterhedges.com

             *Counsel for the QVC Noteholder Group*

21

Dated: May 15, 2026                By:   */s/ Alan C. Turner*

**SIMPSON THACHER & BARTLETT LLP**
Alan C. Turner (admitted *pro hac vice*)
Nicholas E. Baker (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
Rachael L. Foust (admitted *pro hac vice*)
Zachary J. Weiner (admitted *pro hac vice*)
Griselda Cabrera (admitted *pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Telephone:       (212) 455-2472
Facsimile:       (212) 455-2502
E-mail:           aturner@stblaw.com
                     nbaker@stblaw.com
                     moshe.fink@stblaw.com
                     rachael.foust@stblaw.com
                     zachary.weiner@stblaw.com
                     griselda.cabrera@stblaw.com

-and-

**HOWLEY LAW PLLC**
Tom A. Howley (Texas Bar No. 24010115)
Eric Terry (Texas Bar No. 00794729)
700 Louisiana St., Suite 4220
Houston, Texas 77002
Telephone:       (713) 333-9125
E-mail:           tom@howley-law.com
                     eric@howley-law.com

*Counsel for the RCF Agent and the DIP LC Agent*

22

4935-7969-6300

Dated: May 15, 2026                    By:    */s/ Andrew K. Glenn*

**KANE RUSSEL COLEMAN LOGAN PC**
Mark C. Taylor (Texas Bar No. 19713225)
401 Congress Ave., Suite 2100
Austin, Texas 79701
Telephone:     (512) 487-6650
Email:           mtaylor@krcl.com

- and -

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn (admitted *pro hac vice*)
Kurt A. Mayr (admitted *pro hac vice*)
Agustina G. Berro (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 970-1601
Email:           aglenn@glennagre.com
                    kmayr@glennagre.com
                    aberro@glennagre.com

- and -

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
David H. Botter (admitted *pro hac vice*)
Luke A. Barefoot (admitted *pro hac vice*)
Joshua Brody (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:     (212) 225-2000
Facsimile:     (212) 225-3999
Email:           dbotter@cgsh.com
                    lbarefoot@cgsh.com
                    jbrody@cgsh.com

*Counsel to the Preferred Shareholders*

23

4935-7969-6300

Dated: May 15, 2026   By: */s/ Alan Kornfeld*
         **PACHULSKI STANG ZIEHL & JONES LLP**
         Michael D. Warner (TX Bar No. 00792304)
         700 Louisiana Street, Suite 4500
         Houston, TX 77002
         Telephone: (713) 691-9385
         Facsimile: (713) 691-9407
         Email:  mwarner@pszjlaw.com

         -and-

         **PACHULSKI STANG ZIEHL & JONES LLP**
         Robert J. Feinstein
         Bradford J. Sandler
         Alan Kornfeld
         1700 Broadway, 36th Floor
         New York, NY 10019
         Telephone: (212) 561-7700
         Facsimile: (212) 561-7777

         *Counsel for the Official Committee*
         *of Unsecured Creditors*

4935-7969-6300

**Exhibit A**

4935-7969-6300

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| QVC GROUP, INC., *et al.*,[1] | )    Case No. 26-90447 (ARP) |
| | ) |
| | ) |
| Debtors. | )    (Jointly Administered) |
| | ) |

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**
**THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury (this "Declaration") that:

1.  My address is _____

2.  My present employer is _____

3.  My present occupation or job description is _____

    _____

4.  I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the Chapter 11 Cases and the Disputes between the Debtors and the signatories to the Order.[2] I further certify that I will not use Discovery Material for any purpose other than the Disputes and the Chapter 11 Cases and will not disclose or cause Discovery Material to be disclosed to anyone not expressly

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed solicitation agent at https://restructuring.ra.kroll.com/QVC.  The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]   All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order.

4935-7969-6300

permitted by the Order to receive Discovery Material. I agree to be bound by the terms and conditions of the Order.

5.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive Discovery Material, whether at home or at work, all copies of any Discovery Material and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Discovery Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.      I acknowledge and agree that I am aware that by receiving Discovery Material (a) I may be receiving material non-public information about companies that issue securities and (b) that there exist laws, including federal securities laws, which may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I stipulate to the jurisdiction of this Court for the purpose of any issue or dispute arising hereunder and I understand that my willful violation of any term of the Order could subject me to liability.

Date:                                                    Signature: _____

4935-7969-6300