May 18, 2026

**<u>By E-filing and E-Mail</u>**

The Honorable Alfredo R. Perez
United States Bankruptcy Court
515 Rusk Avenue
Houston, Texas 77002

   Re: *In re QVC Group, Inc., et al.*, Case No. 26-90447 (ARP)

Dear Judge Perez:

   We write jointly on behalf of the Debtors, certain preferred shareholders, and the official committee of unsecured creditors ("Committee") in connection with this afternoon's status conference. Specifically, we write to update the Court on the ongoing discussions regarding scheduling as it relates to confirmation.

   Following the May 13 conference, the parties met and conferred on scheduling and discovery issues. The parties are generally aligned on the sequencing of remaining discovery, although some details are still being discussed. The parties have exchanged information about their respective witness line-ups; there are approximately 10 witnesses. Some depositions are beginning this week, and the parties are exchanging proposed deposition dates for other witnesses.

   To finalize the balance of the schedule, it would be helpful to understand the Court's availability to begin and complete the confirmation hearing. Selecting the first day of trial will allow the parties to fill in the remaining interim dates (e.g., the date to exchange initial exhibit lists).

   <u>Debtors' Position</u>: The confirmation hearing should begin at the Court's earliest availability on or after June 1. This is already a one-week delay from the scheduled start of the hearing. While the Debtors recognize that starting on June 1 might result in some gaps in the hearing schedule, it is important for the estates to proceed promptly and complete this balance-sheet restructuring with minimal operational disruption. The parties can use any available Court time productively to get witnesses on and off the stand and continue to make progress toward closing arguments. Starting on the earliest possible date also allows the parties to make productive use of any time that may open on the Court's calendar as other matters resolve. Finally, the 14 days that remain between today and June 1 provides sufficient time for the parties to complete depositions, complete pre-trial disclosures, and file their confirmation briefs.

   <u>Committee's Position</u>:  The Committee joins the Debtors' position.

   <u>Preferred Shareholders' Position</u>:  The preferred shareholders respectfully submit that the confirmation hearing should begin on June 8.

The Honorable Alfredo R. Perez
May 18, 2026
Page 2

Following the parties' scheduling discussions, co-counsel to the preferred shareholders obtained the Court's schedule. Chambers advised that the Court is available for only a half-day beginning at 1:00 p.m. on Thursday, June 4; a full day beginning at 9:00 a.m. on Monday, June 8, subject to another matter moving; and a half-day beginning at 1:00 p.m. on Tuesday, June 9, with any remaining days to be determined thereafter.

In light of that schedule, the preferred shareholders respectfully submit that it would be significantly more efficient to begin with a full trial day on Monday, June 8. Beginning on a full day would better accommodate the parties' anticipated witness presentations, particularly given that the parties have identified approximately 10 witnesses and are continuing to coordinate deposition and pretrial deadlines. As of the date hereof, no deposition schedule has been finalized among the parties.

Accordingly, subject to the Court's availability, the preferred shareholders request that the Court conduct a final pre-trial conference on June 4 with the confirmation hearing commencing on Monday, June 8, and continued on consecutive available days during the week of June 8 if at all possible.

*     *     *     *     *

Once the parties understand the Court's availability for the confirmation trial, the parties can work to promptly finalize the remaining interim pre-trial dates and submit a proposed schedule to the Court by stipulation. Further, the Court's availability may also inform the parties' positions on whether witnesses' direct examinations should be presented by written declarations or by live direct testimony. The parties' positions may vary on a witness-by-witness basis. (In all instances, each witness would be presented live for cross and rebuttal.)

We thank the Court for its attention to this matter and are happy to address any questions the Court may have at this afternoon's status conference.

Sincerely,                                          Sincerely,

/s/ Mark McKane                                    /s/ Andrew K. Glenn
Mark McKane, P.C.                                  Andrew K. Glenn
*Proposed Counsel for the Debtors*                 *Counsel to Certain Preferred Shareholders*


Sincerely,

/s/ Alan Kornfeld
Alan Kornfeld
*Proposed Counsel to Committee*

2