United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 21, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| QVC GROUP, INC., *et al.*, | ) Case No. 26-90447 (ARP) |
|  | ) |
| Debtors.[1] | ) (Jointly Administered) |
|  | ) |

**STIPULATED AGREEMENT AND ORDER PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9017 AND FEDERAL RULE OF EVIDENCE 502(d)**

**WHEREAS,** the Debtors and the Preferred Shareholders[2] (each, a "**Party**," and together, the "**Parties**") jointly request that this Court issue an Order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of documents in this proceeding and to protect against waiver of privileges or protections attaching to those documents;

**WHEREAS**, the claims and defenses to be adjudicated in these chapter 11 cases involve issues on which the Debtors have received legal and other privileged advice and counsel;

**WHEREAS**, the Debtors possess documents and information related to the referenced issues over which the Debtors assert protection from disclosure to third parties under the attorney-client privilege, the attorney work product doctrine, or other immunity from disclosure ("**Assertedly Privileged Information**");

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/QVC. The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

[2]  The Preferred Shareholders means certain beneficial holders (or investment managers or advisors acting on behalf of funds and/or accounts that are beneficial holders) of the 8.0% Series A Cumulative Redeemable Preferred Stock issued by QVC Group, Inc. that are represented in the above-captioned chapter 11 cases by Glenn Agre Bergman & Fuentes LLP, Cleary Gottlieb Steen & Hamilton LLP, and Kane Russell Coleman Logan PC. *See* Docket No. 204 (as may be amended or supplemented).

4919-0709-1886

**WHEREAS**, the Preferred Shareholders have served discovery requests that would call for the production of Assertedly Privileged Information;

**WHEREAS**, the Parties seek to avoid the expense of discovery disputes over production of the Assertedly Privileged Information in these chapter 11 cases;

**WHEREAS,** Federal Rule of Evidence 502(d) states that a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding";

**WHEREAS**, this Order shall be enforceable against all persons and entities in any federal or state proceeding pursuant to Federal Rule of Evidence 502(d); and

**WHEREAS**, the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Stipulation and Order.

**IT IS HEREBY STIPULATED AND AGREED** by the Debtors and the Preferred Shareholders, subject to the approval of the Court, that:

1.      Rule 502(d) of the Federal Rules of Evidence and this Stipulation and Order shall govern a Party's intentional production or disclosure and use of Assertedly Privileged Information.

2.      The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of documents or information under this Stipulation and Order.

3.      Nothing herein requires a Party to produce or disclose Assertedly Privileged Information pursuant to this Stipulation and Order or otherwise.

4.      Should a Party, however, intentionally produce or disclose Assertedly Privileged Information in these chapter 11 cases ("**Rule 502(d) Material**"), it shall designate the documents or information as "Highly Confidential – Rule 502(d) Material," and that production and disclosure

2

shall be governed by this Stipulation and Order (for privilege protections) and the Stipulated Confidentiality Agreement and Protective Order entered in this case on May 16, 2026 (Dkt. No. 274) (for confidentiality, disclosure, and access).

5.      The intentional production or disclosure and use of Rule 502(d) Material pursuant to this Stipulation and Order shall not effect or constitute, whether in this Contested Matter[3], an Adversary Proceeding, or any other state or federal proceeding, a waiver of the attorney-client privilege, the attorney work product doctrine, or other immunity from disclosure to third parties.

6.      For the avoidance of doubt, nothing in this Order shall expand a Party's obligation to search for documents within its possession, custody, or control beyond the search parameters that have been or will be agreed to between the Parties (or as ordered by the Court), nor shall this Order impact any Party's right to assert any objection (including burden or proportionality) in response to another Party's proposed search parameters.

7.      The Parties may examine witnesses in these chapter 11 cases, including in depositions and at the confirmation hearing, regarding Rule 502(d) Material.  To the extent that the questions asked are confined to the subject of the Rule 502(d) Material, the Parties shall not instruct witnesses, on the grounds of privilege, not to answer the questions posed.  Such testimony shall not effect or constitute, whether in this Contested Matter, an Adversary Proceeding, or any other state or federal proceeding, a waiver of the attorney-client privilege, the attorney work product doctrine, or other immunity from disclosure to third parties.

8.      The Debtors' sharing of Rule 502(d) Material with parties-in-interest other than the Preferred Shareholders in connection with the matters in dispute in these chapter 11 cases shall

---

[3]   Contested Matter refers to any contested matter in relation to, in connection with, or arising out of the Preferred Shareholders' Motion to Terminate Exclusivity (Dkt. No. 205) or the Combined Disclosure Statement and Plan Confirmation Hearing in the above-captioned chapter 11 cases.

4919-0709-1886

likewise be subject to the protections of paragraph 5 above.  For the avoidance of doubt, nothing in this Stipulation and Order requires the Debtors to produce Rule 502(d) Material to any party.

**THE FOREGOING STIPULATION IS SO ORDERED:**

Signed: May 21, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge

4919-0709-1886

**STIPULATED AND AGREED TO BY:**

Dated: May 21, 2026

*/s/ Andrew K. Glenn*                                */s/ Jason S. Brookner*

**Kane Russel Coleman Logan PC**
Mark C. Taylor (TX Bar No. 19713225)
401 Congress Ave., Suite 2100
Austin, Texas 79701
Telephone:    (512) 487-6650
Email:          mtaylor@krcl.com

- and -

**Glenn Agre Bergman & Fuentes LLP**
Andrew K. Glenn (admitted *pro hac vice)*
Kurt A. Mayr (admitted *pro hac vice)*
Agustina G. Berro (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 970-1601
Email:          aglenn@glennagre.com
                    kmayr@glennagre.com
                    aberro@glennagre.com

- and -

**Cleary Gottlieb Steen & Hamilton LLP**
David H. Botter (admitted *pro hac vice*)
Luke A. Barefoot (admitted *pro hac vice*)
Joshua Brody (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
Telephone:    (212) 225-2000
Facsimile:    (212) 225-3999
Email:          dbotter@cgsh.com
                    lbarefoot@cgsh.com
                    jbrody@cgsh.com

*Counsel for the Preferred Shareholders*

**Gray Reed**
Jason S. Brookner (TX Bar No. 24033684)
Lydia R. Webb (TX Bar No. 24083758)
Emily F. Shanks (TX Bar No. 24110350)
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:    (713) 986-7000
Facsimile:    (713) 986-7100
Email:          jbrookner@grayreed.com
                    lwebb@grayreed.com
                    eshanks@grayreed.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                    aparna.yenamandra@kirkland.com

- and -

Chad J. Husnick, P.C. (admitted *pro hac vice*)
Gabriela Zamfir Hensley (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:          chad.husnick@kirkland.com
                    gabriela.hensley@kirkland.com

*Proposed Co-Counsel for the Debtors*
*and Debtors in Possession*

4919-0709-1886

Dated: May 21, 2026

*/s/ Alan Kornfeld*

**Pachulski Stang Ziehl & Jones LLP**
Michael D. Warner (TX Bar No. 00792304)
700 Louisiana Street, Suite 4500
Houston, Texas 77002
Telephone:        (713) 691-9385
Facsimile:        (713) 691-9407
Email:             mwarner@pszjlaw.com

- and -

**Pachulski Stang Ziehl & Jones LLP**
Robert J. Feinstein
Bradford J. Sandler
Alan Kornfeld
1700 Broadway, 36th Floor
New York, New York 10019
Telephone:        (212) 561-7000
Facsimile:        (212) 561-7777

*Counsel for the Official Committee
of Unsecured Creditors*

4919-0709-1886