IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
Judge Alfredo R Pérez

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| QVC Group, Inc., | ) | CASE NO. 26-90447 |
| | ) | CHAPTER 11 |
| | ) | United States Courts |
| | ) | Southern District of Texas |
| Debtor | ) | FILED |

JUL 02 2026

Nathan Ochsner, Clerk of Court

# EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW UNIMPAIRED CLAIM SETTLEMENT OR CONTINUATION OF EMPLOYMENT DISCRIMINATION PROCEEDING

**TO THE HONORABLE JUDGE OF SAID COURT:**

SUSAN PINCKNEY ("Movant"), claimant and former employee, files this Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d) to allow unimpaired claim payment in the Court or permit the continuation of an employment discrimination action, and respectfully represents as follows:

**1. Jurisdiction and Venue**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2)(A), (G), and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## 2. Background and Claim

a. Prior to the Debtor's bankruptcy filing, Movant was employed by Debtor in Saint Petersburg, Florida after Debtor relocated Movant from Los Angeles County California in August 2023.

b. On or about August 30, 2023, Movant was subjected to the first instance of many unlawful severe and pervasive age and race discrimination and/or retaliation in the workplace by the Debtor including hair being sniffed, being sprayed with a substance and repeatedly being called an outsider by Movant's supervisor. Movant was denied raises and promotions. Movant was even denied the same channels to apply for opportunities as others in the company. Movant was terminated while the company was actively seeking rare, specialized talent and skills Movant possesses despite glowing reviews from Movant's peers and colleagues.

c. Movant timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), received a signed charge on February 24, 2026 and Right to Sue letter on March 9, 2026. During the month of March 2026, Movant interviewed potential attorneys to find an attorney without a conflict of interest in Florida and Pennsylvania willing to be paid on a contingency basis. Since the EEOC requires that any civil action must be taken within 90 days after receiving the Right to Sue Letter, Movant subsequently initiated a civil action on May 25, 2026 Pro Se and Forma Pauperis to preserve the Right to Sue, pending the outcome of the current bankruptcy, titled Susan Pinckney *v. QVC Group, Inc.*, Cause No. 2:26-cv-03476-JDW, in the Federal District Court of Eastern Pennsylvania (the "Discrimination Action"). Movant previously filed an initial modified 410 claim form with Kroll, the bankruptcy administrator on May 16, 2026, three days after receiving ballot and objection information from Kroll which was three days before the Opt Out deadline of May 19, 2026.

d. The Debtor emailed a Cease and Desist Letter to Movant on June 23, 2026 stating that Movant is barred from "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Debtor also filed a Bankruptcy Suggestion in the Discrimination Action documents on Friday, June 26, 2026 at 4:59 p.m.

## 3. Cause for Relief from Stay

a. Relief from the automatic stay is warranted under 11 U.S.C. § 362(d)(1) for "cause." "Cause" includes permitting a civil action to proceed to judgment in another tribunal where the bankruptcy estate is fully protected.

b. Movant seeks only to liquidate the claim in the Discrimination Action. Movant agrees not to execute or seek to collect any judgment obtained against the Debtor, or against the property of the Debtor's estate, without first returning to this Bankruptcy Court if the case is ongoing without prior settlement.

c. The Discrimination Action involves state and federal employment laws, which are matters best handled by the court where the lawsuit was originally filed. Furthermore, liquidating this claim will help determine the validity and amount of Movant's claim in this bankruptcy case if it's still ongoing without settlement.

## 4. No Fee Requested

Pursuant to the Bankruptcy Court Miscellaneous Fee Schedule, Item 21, no filing fee is required for this Motion because Movant is an individual pro se creditor seeking relief from Debtor stay, based on Movant's current low income and debt.

## 5. Notice

Notice of this Motion will be provided to the Debtor, the Debtor's counsel, the Chapter 11 Trustee, and the Office of the United States Trustee, in accordance with the Federal Rules of Bankruptcy Procedure via electronic filing in Pacer. *Once processed.*

## PRAYER

WHEREFORE, Movant respectfully requests that the Court enter an Order granting relief from the automatic stay to permit Movant's unimpaired claim to be paid through the Court or to proceed with the Discrimination Action in Federal District Court of Eastern Pennsylvania up to and including judgment, and granting such other and further relief to which Movant may be justly entitled.

Dated: June 29, 2026

Respectfully submitted,

/susan pinckney/

Susan Pinckney

31304 Midnight Sun Way

Wesley Chapel, FL 33545

818-398-6178

spinckney2000@yahoo.com

Movant / Pro Se

# KIRKLAND & ELLIS LLP

555 California Street
San Francisco, CA 94104
United States

+1 415 439 1400

www.kirkland.com

Michael P. Esser
To Call Writer Directly:
+1 415 439 1973
michael.esser@kirkland.com

Facsimile:
+1 415 439 1500

**June 23, 2026**

**Via E-mail**

Susan Pinckney
31304 Midnight Sun Way
Wesley Chapel, FL 33545
Spinckney2000@yahoo.com

Re:    *Susan Pinckney v. QVC, Group, Inc.*, Case No. 2:26-cv-03476-JDW (E.D.
       Pa. May 25, 2026)

Susan Pinckney:

We represent QVC Group, Inc. and its debtor affiliates, including QVC, Inc., (collectively, the "Debtors"), in their cases under title 11 of the United States Code (the "Bankruptcy Code") jointly administered under the lead case *In re QVC Group, Inc.*, et al., Case. No. 26-90447 (ARP) (the "Chapter 11 Proceedings"), currently pending before the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Debtors commenced proceedings under chapter 11 of the Bankruptcy Code on April 16, 2026 (the "Bankruptcy Petition Date"). The Debtors are continuing to operate their business in the ordinary course.

I write regarding your case initiated against the Debtors on May 25, 2026, *Susan Pinckney v. QVC, Group, Inc.*, Case No. 2:26-cv-03476-JDW (E.D. Pa. May 25, 2026). The action asserts claims of discrimination against QVC Group, Inc. that arose prior to the Bankruptcy Petition Date and appears to seek compensatory and punitive damages. As a matter of law, the commencement of a bankruptcy case results in the imposition of an automatic stay that acts as an injunction against all parties from taking certain actions against debtors. Federal law prohibits you from "the commencement or continuation . . . of a judicial, administrative, or other action . . . against the debtor that was or could have been commenced before the commencement of the [Bankruptcy] case . . . or to recover a claim against the debtor that arose before the commencement of the [Bankruptcy] case." 11 U.S.C. § 362(a)(1) (the "Automatic Stay"). You are also barred from "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The commencement of this action against the Debtors plainly falls within the scope of the Automatic Stay, and we therefore request that you promptly dismiss the Debtors from the action.

Failure to comply with the Automatic Stay will result in appropriate proceedings in the Bankruptcy Court with the attendant possibility of sanctions, costs, and other expenses. Pursuant

## KIRKLAND & ELLIS LLP

June 23, 2026
Page 2

to established case law, actions taken in violation of the Automatic Stay are void *ab initio* and parties may be held in contempt of court for violating the Automatic Stay. *See, e.g.*, 11 U.S.C. § 362(k)(1); *City of Chicago, Ill. v. Fulton*, 592 U.S. 154, 157 (2021); *In re Rojas*, 2024 WL 2855769. At *14 (Bankr. N.D. Tex. June 5, 2024) (holding a foreclosure sale held in violation of the automatic stay void *ab initio* and awarding sanctions for civil contempt); *In re Gates*, 621 B.R. 129, 140 (Bankr. W.D. Tex. 2020) ("Violations of the automatic stay are punishable as contempt of court."); *see also In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008); *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005); *Matter of Monge*, 826 F.3d 250, 256 (5th Cir. 2016); *In re Small*, 486 F. App'x 436, 438 (5th Cir. 2012).

In light of the foregoing, if you interfere with the property of the Debtors' estates, the Debtors will pursue their rights to the fullest extent permitted under applicable law, including seeking entry of an order enforcing the Automatic Stay, and granting sanctions, costs and expenses. The Debtors reserve all rights with respect to any damages that may arise from, or relate to, any violation of the Automatic Stay.

Accordingly, please confirm no later than **June 29, 2026,** that you will dismiss the Debtors from the action.  Should you have any questions, please do not hesitate to contact me.

/s/Michael P. Esser
Michael P. Esser

Enclosures

cc:     Gabriela Zamfir Hensley

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN PINCKNEY,

        Plaintiff,

        v.

QVC GROUP, INC.

        Defendant.

Civil Action No. 2:26-cv-03476 JDW

## SUGGESTION OF BANKRUPTCY
## FOR QVC GROUP, INC. AND CERTAIN OF
## ITS AFFILIATES AND NOTICE OF AUTOMATIC STAY OF PROCEEDINGS

**PLEASE TAKE NOTICE** that on April 16, 2026, QVC Group, Inc. and certain of its affiliates (collectively, the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Debtors' chapter 11 cases are pending before the Honorable Judge Alfredo R Perez and are being jointly administered under the lead case *In re QVC Group, Inc., et al.*, Case. No. 26-90447 (ARP) (the "Chapter 11 Cases"). A copy of the voluntary petition of the lead Debtor, QVC Group, Inc., is attached hereto as **Exhibit A**, and a copy of the order entered on April 17, 2026, directing joint administration of the Chapter 11 Cases is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions "operates as a stay, applicable to all entities, of—

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed solicitation agent at https://restructuring.ra.kroll.com/QVC. The location of Debtor QVC Group, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 1200 Wilson Drive, West Chester, Pennsylvania 19380.

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ."

11 U.S.C. § 362(a)(1)–(3).[2]

**PLEASE TAKE FURTHER NOTICE** that any action taken against the Debtors without obtaining from the Bankruptcy Court relief from the automatic stay may be void *ab initio* and result in a finding of contempt for violation of the automatic stay. Any party wishing to take action against the Debtors should contact the Debtors' counsel before taking any action in the above-captioned proceeding to ensure that such action does not constitute a violation of the automatic stay. The Debtors reserve and retain all rights to seek relief in the Bankruptcy Court from any judgment, order, or ruling entered in violation of the automatic stay.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Chapter 11 Cases may be obtained by: (i) reviewing, free of charge, the docket of the Debtors' Chapter 11 Cases on the website of the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/QVC or by calling (888) 575-5337 (toll free from US/Canada) or +1 (347) 292-4386 (international), (ii) visiting the Bankruptcy Court's website at https://www.txs.uscourts.gov/node (PACER login and password required) in accordance with the procedures and fees set forth therein; or (iii) contacting any of the following proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022,

---

[2] Nothing herein shall constitute a waiver of the Debtors' rights to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims against any party to the above-captioned case. The Debtors expressly reserve all rights to contest any claims that may be asserted against the Debtors.

Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com), Chad J. Husnick, P.C. (chad.husnick@kirkland.com) and Gabriela Z. Hensley (gabriela.hensley@kirkland.com); and (b) Gray Reed & McGraw LLP, 1300 Post Oak Blvd. Suite 2000, Houston, Texas 77056, Attn: Jason S. Brookner (jbrookner@grayreed.com), Lydia R. Webb (lwebb@grayreed.com).

Dated: June 26, 2026

Respectfully submitted,

*/s/ Paul C. Lantis*

Paul C. Lantis, Bar No. 309240
plantis@littler.com
LITTLER MENDELSON, P.C.
Three Parkway, 1601 Cherry Street
Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131

Attorneys for Defendants,
QVC GROUP, INC. d/b/a QVC and QVC, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2026 the foregoing document was filed using the United States District Court for the Eastern District of Pennsylvania ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

/s/ Paul C. Lantis
Paul C. Lantis